## Stannard et al. *vs.* McCarty.

*Error to Van Buren:*

Merely selling lands belonging to the United States, where no deception is practised, is not a fraud upon the purchaser.

The traffic in public lands is not illegal.

To render a person liable to the penalty of the act of Congress of March 31, 1830, although the agreement not to bid at the public sales must be *positive*, it need not in all cases be *direct*.

It is well settled, that parol proof is admissible to sustain the defence of fraud, or illegality in a contract, though under seal.

In an action of covenant, illegality of consideration cannot be given in evidence under the general issue, but must be specially pleaded.

A judgment will not be disturbed for an erroneous instruction of the court below, on a point immaterial to the issue.

This was an action of covenant broken brought on an agreement for the sale of a claim on the public lands of the United States.

The agreement on which the action was brought was as follows:

"Articles of agreement made and entered into this 19th day of October 1837, by and between Isaac W. McCarty of the first part, and Wm. Stannard, Obed Stannard and Luther A. Jones of the second part, witnesseth: that the said party of the first part, has sold to the party of the second part, all his right, title, interest and claim to the entire undivided half of the claim on which he now resides on the west side of the Des Moines River, and in the county of Van Buren, being the same claim on which the town of Rochester is laid off; also, one other claim on the east side of said river immediately opposite the first mentioned claim, supposed to contain about one hundred acres, for the consideration of twenty-two hundred dollars; three hundred and seventy-five dollars to be paid in hand, the receipt whereof is hereby acknowledged, six hundred and twenty-five dollars to be paid on or before the fifteenth day of November next, and twelve hundred dollars to be paid on or before the first day of September next, with the privilege of putting in four horses in the last mentioned payment, at their valuation, any time after the first of March next; the balance which shall remain unpaid on the last mentioned sum, is to bear interest at the rate of ten per cent from and after the first day of March next, and the said party of the second part, agree to pay the said sums of money as above mentioned. It is understood that the four lots purchased at the sale of lots by the party of the first part, are reserved by him from sale, and are not included in this agreement. It is further agreed that the party of the first part, upon receiving the said sum of six hundred and twenty-five dollars, is to make, execute and deliver to the party of the second part, a quit claim deed for all the interest he has in said claims, as set forth in this agreement.

" In witness whereof the said parties have hereunto interchangeably set their hands and seals the date above written.

|                       |          |
|-----------------------|----------|
| " J. W. McCARTY,      | [SEAL.]  |
| " WM. STANNARD,       | [SEAL.]  |
| " OBED STANNARD,      | [SEAL.]  |
| " LUTHER A. JONES.    | [SEAL.]  |

" 19th day of October, 1837.
" In presence of J. W. RANDALL. "

The defendants pleaded *non est factum*—and also fraud. Judgment for McCarty, the plaintiff below. Thereupon the defendants filed their bill of exceptions as, follows :

" Be it remembered that on the trial of this cause the counsel for the defendants asked the court to give the following instructions, to wit :

" FIRST, That the selling of land belonging to the United States is a fraud upon the purchasers, which instructions the court refused to give, and charged the jury that such sale would not be fraudulent unless deception were practised upon the vendee ; and to which opinion of the court the defendants by ther counsel except.

" SECOND, The counsel for the defendants asked the court to instruct the jury that if they find that this covenant was made by the defendants for a covenant for a quit claim deed on the part of the plaintiff, for public lands belonging to the United States, the jury must find for the defendants ; which instructions the court refused to give, and to which opinion of the court the defendants by their counsel except.

" THIRD, That if the jury find that the consideration for the covenants made by the plaintiff, was in whole or part that plaintiff was to convey to the defendants a right to purchase the land at the auction sales of the United States, and the plaintiff sold his right of bidding at the said sales for said land, that the plaintiff cannot recover, and that it is not necessary that this agreement or promise should be in writing ; which said instructions were given by the court, and the court further instructed the jury that the evidence must prove a direct and positive agreement not to bid for said land ; to which opinion the defendants by their counsel except.

"FOURTH, That the agreement between the parties is a concurrent and dependant covenant, and that in order to enable the plaintiff to recover, he must show that he has complied with his part of the agreement or covenant ; which instruction the court refused to give, and to which opinion of the court the defendants by their counsel except, and to all

of the foregoing opinions and instructions of the court the defendants object and except, and pray that this, their bill of exceptions may be signed, sealed and made a part of the record in this case. "

HALL & WOODS, for the plaintiffs in error.

WM. H. STARR & HUMPHREYS, for the defendant in error.

WOODS. This contract was made in contravention of an act of the United States, and is therefore void. Laws of the United States 1830, March 31, sec, 4 and 5—Am. Com. Law, 258.

HUMPHREYS. The action is brought for breach of covenant to convey land. It has been early settled in Pennsylvania that a possessory interest in land is a good consideration. If a person has any interest in land it is a subject of sale. If the plaintiff makes out that the covenant is broken, it is for the defendant to show that the contract was void. That is to be done by direct and positive testimony, and can be done in no other way. There is no evidence of a contract that McCarty shall not bid. The contract is that for a consideration in money Stannard shall convey the possessory interest in the claim.

WM. H. STARR. I cannot agree with my colleague that Congress meant only to impose a penalty for an act; and not to make that act void. Is the contract declared on such a contract as is prohibited in the statute? If it is not, can the court allow parol evidence to show there was another contract between the parties? Otherwise the court could not instruct the jury as to any thing not in the contract. The court alone is to judge if the contract is illegal. The charge was therefore not properly asked for. Has this contract any resemblance to such contracts as are referred to by act of Congress? The defendants' counsel asked the court to instruct the jury that if the contract was to sell his right of bidding at the public sales, it was void; and the court so instructed the jury. If a person relinquishes his right of bidding at the public sales, this is not such a contract· as is prohibited by the law of the United States.

HALL. The property in claims is recognized by the laws of this territory; and is peculiar to the laws of this territory. A claim, in the language of this country, has a judicial existence. McCarty, the plaintiff below, sold to the defendant below a claim. We must look to the law to find a definition of a claim. It is an interest in the public lands arising from possession and improvement. This is the description of property sold by McCarty to the defendant below. On that contract he

brought his action to recover the sum promised for the purchase.    What was the consideration or inducement for this promise ?   It must be something more than the mere possession for twelve or eighteen months, until the land should be brought into market.    Fraud vitiates any contract, and so also does any thing against law or public morals.    It was for the jury to decide whether the law had been violated or not.— The court was requested to instruct the jury, and they did instruct them that if the consideration of the contract was to convey the right of bidding at the sales of the public lands, it was void.    It is intended by the statute that there shall be a direct and positive agreement ?    Suppose a person should make an agreement with all having claims, that they should be on the Des Moines river on the day of sale ; would the court exclude all evidence to show the object of the agreement, and every thing not in the contract itself ?

BY THE COURT, MASON, CHIEF JUSTICE.—This was an action of covenant, to which the defendants had pleaded *non infregit conventio- nem*, and *non est factum ;* and, under these pleas, had given notice of fraud as a further defence.    Neither by plea nor notice was any mention made of illegality as a ground of defence.    On the trial of the cause several instructions were asked of the court, which being mostly refused, exceptions were taken, and the case brought up on writ of error.

The first instruction asked was, that the selling of land belonging to the United States was a fraud upon the purchasers—which the court refused, and charged the jury that such sale would not be fraudulent unless deception were practised upon the vendees.    This is so clearly correct as scarcely to need notice.    Such a sale might not constitute a sufficient consideration for a promise, but would not be fraudulent where no fraud was practised.

The next istruction asked and refused was, that if the jury found this covenant was made for a quit claim deed from the plaintiff below for public lands belonging to the United States, they must find for the defendant.    The only particular in which this question differs from that just considered, is, that it may be contended that the traffic in pnblic lands is illegal.    This subject has been so frequently considered in this court, that it is unnecessary for us to express our coincidence with the views of the court below, farther than by referring to the case of Hill vs. Smith, decided at the last term of this court.    We have not changed the opinions there expressed.

But the principle point relied upon in this case by the plaintiffs in

error, is, that after the court below had, in accordance with their request, instructed the jury " that if they found that the consideration for the covenants made by McCarty was in whole or in part that he was to convey to the defendants below a right to purchase the land at the auction sales of the United States, and that he sold his right of bidding at the land sales for said land, that he could not recover, and that it was not necessary that this agreement or promise should have been in writing ; " the court further instructed the jury that the evidence must prove a direct and positive agreement. This latter instruction is deemed error.

To sustain themselves in this position, they rely upon the fourth section of the Act of Congress, approved March 31, 1830, entitled " An Act for the relief of the purchasers of public lands, and for the suppression of fraudulent practices at the public sales of the lands of the United States." This section renders it highly penal for any person to bargain, contract or agree, or who shall attempt to bargain, contract or agree, with any other person, not to bid upon the lands, &c. It is a general principle in the construction of statutes, that, in penal laws, nothing is to be taken by implication, but they are to be construed strictly. Still we think the court went too far in charging the jury that the agreement must be *direct* and *positive*. Something more than a vague understanding is necessary to render a person liable to the penalty of this statute, Still a positive but indirect agreement would be sufficient for this purpose. The law will not permit itself to be so easily evaded.

For the defendant in error, it was contended that the written agreement between the parties, and on which the action was brought, must be the only proof of an illegal contract ; that parol proof was inadmissable for this purpose. But this position cannot be sustained. It is well settled that parol proof is admissable to sustain the defence of fraud or illegality in a contract, though under seal. Saunders on Pleading and Evidence, 528, 578.

There is, however, still an obstacle to the reversal of the judgment below. The state of the pleadings did not permit the defence of illegality to be made at all. In an action of assumpsit, fraud or illegality may be given in evidence under the general issue, but the pleas in an action of debt or covenant are not so broad. It is a well established rule, that in an action on a specialty, unless it be void at common law, illegality, to be made available, must be specially pleaded. 1 Saund. 295-6 ; Chitty on Pleading, 520 ; Saund. on Pl. and Ev. 576. We

see no good reason for relaxing this rule, which is calculated to develope by the pleadings the true issue to be tried by the jury. The whole of the instructions, therefore, asked or given on the subject of illegality of consideration, were inapplicable to the legitimate issue then before the jury; and we cannot, of course, reverse a judgment for misdirection of the jury on a merely speculative or immaterial point.

Judgment below affirmed accordingly.