## Case No. 17,023.

### VOWELL v. THOMPSON.

[3 Cranch, C. C. 428.] [1]

Circuit Court, District of Columbia. April Term, 1829.

RIGHTS OF MORTGAGORS—MORTGAGE OF CORPORATE STOCK—POWER TO VOTE.

1. The mortgagor is, in equity, considered as the owner of the property until foreclosure or sale.

[Cited in State v. Smith, 15 Pac. 393.]

2. The mortgagor of stock in the Marine Insurance Company, until foreclosure or sale under the mortgage, is entitled to vote upon the stock at the election of directors, and the court will compel the mortgagee, or his trustees, to give a power of attorney to the mortgagor to vote at such election.

[Cited in Clarke v. Central R. & B. Co., 50 Fed. 343.]

[Cited in Hoppin v. Buffum, 9 R. I. 515.]

Bill in equity to compel the defendant [Jonah] Thompson to give the plaintiff [Thomas Vowell] a proxy or a power of attorney to vote at an election of directors of the Marine Insurance Company of Alexandria, upon 300 shares of the stock of that company transferred by the plaintiff to the defendant in trust as a collateral security for a debt due by the plaintiff to the bank of Alexandria; the plaintiff being in no default and the stock not forfeited, but still standing pledged for the debt, and the mortgagor entitled to the dividends. The cause was set for hearing on the bill and on the answer, which admits all the facts. The ground of relief, and the relief prayed, admit that none but legal stockholders can vote. The question is, whether, before forfeiture and foreclosure of the mortgage or sale, under the deed of trust, the mortgagor is not entitled to vote, and, for that purpose, to obtain a proxy or power from the trustee. This question was submitted without argument.

CRANCH, Chief Judge, delivered the opinion of the court (THRUSTON, Circuit Judge, absent).

In equity, a mortgagee is only considered as a trustee, and the mortgage is but a security for the money lent, and does not alter the thing it conveys. In the contemplation of a court of equity, nothing real passes to the mortgagee, and the mortgage conveys nothing in the land; neither dower, nor tenancy by the curtesy. Brydges v. Duchess of Chandos, 2 Ves. Jr. 433. Lands mortgaged to a testator do not pass under a general devise, by him, of his lands, but go to his executor, as personal assets. An equity of redemption is considered as an estate in the land, and may be devised or granted, and a husband may be tenant by the curtesy of it. In equity, the person entitled to the redemption is considered as the owner of the land; a mortgage in fee is considered as personal assets, and a foreclosure is considered as a new purchase of the land. Until foreclos-

[1] [Reported by Hon. William Cranch, Chief Judge.]

ure, the mortgagee is a trustee to the mortgagor, as to the inheritance. Casborne v. Scarfe, 1 Atk. 603, 605. If an advowson be mortgaged, and is absolute in the mortgagee, and the living becomes void, (vacant,) the mortgagee is entitled to present, he having the legal estate; but a court of equity will compel him to present such person as the mortgagor shall nominate. And the reason given is, that a presentation is gratuitous, and the mortgagee cannot account for any benefit from it, nor give any credit for it in account, upon a redemption. Croft v. Powel, Comyn, 609. So in the case of Amhurst v. Dawling, 2 Vern. 401, pending a bill to foreclose the mortgage of a manor, to which an advowson was appendant; the church having become void, the court granted an injunction in favor of the defendant, the mortgagor, to stay proceedings at law in a quare impedit, brought against him by the mortgagee. "For," says the court, "the mortgagee can make no profit by presenting to the church, nor can account for any value in respect thereof, to sink or lessen his debt; and the mortgagee, therefore, in that case, until a foreclosure, is but in the nature of a trustee for the mortgagor." So, also, in Mackensie v. Robinson, 3 Atk. 559, Lord Chancellor Hardwicke was of opinion that the mortgagor of a naked advowson ought to nominate; and even doubted whether, if there were an express covenant in the mortgage that the mortgagee should present, it would not be void; and adjourned the case for further consideration. When the case came on again, "the mortgagee not being able to find any precedent in his favor, gave up the point of presenting; and an order was made that the mortgagor should be at liberty to present, and the mortgagee was obliged to accept of the mortgagor's nominee." And in the case of Jory v. Cox, Prec. Ch. 71, "the defendant was a mortgagee, and in possession; the plaintiff brought a bill to redeem, and had a decree accordingly. Before the account taken the church became void, and the mortgagee presented. Upon the plaintiff's petition, the chancellor ordered that he should revoke his presentation, and present such a person as the mortgagor, or his vendee, (for he had contracted to sell,) should appoint."

These authorities all show, that, until actual foreclosure or sale, the mortgagor is, in equity, considered as the owner of the property, and entitled to exercise all the rights which are not incompatible with the object of the mortgage, (the security of the debt,) unless restrained by the express terms of the mortgage. The analogy between the elective franchise and an advowson is very strong. The exercise of neither of those rights can contribute to the discharge of the debt, or diminish the security. The exercise of them, by the mortgagor, is not incompatible with the object of the mortgage. There seems to be no reason why a court of equity should not give the right of election to the mortgagor of the stock, as well as the right of presentation to the mortgagor of the advowson. And, in accordance with this idea, the

British statute of 7 & 8 Wm. III. c. 25, § 7, following. the rule of equity, prohibits the mortgagee of the freehold. who is not in possession and receiving the rents and profits, from voting for members of parliament, and gives it to the mortgagor; and thus converts the equitable into a legal franchise.

It is suggested, in the answer, that the Bank of Alexandria (the creditor) is interested in the value of the stock, which depends very much upon the proper management of the business of the insurance company; and, therefore, they have a right to vote at the election. But the answer to this argument, is that the plaintiff is as much; and, if the stock is worth more than the debt, is more interested in the good management of the company than the creditor. The reason for and against his having the right to vote being, in this respect, equally strong, the general principle of equity must prevail,—that the mortgagor is to be considered as the owner of the mortgaged property, until foreclosure or sale.

We are. therefore. of opinion that the defendant should be ordered to give the plaintiff a power of attorney to vote upon the stock, until it shall be sold under the mortgage, or deed of trust. Decree accordingly.