CHARLES  GRIFFIN

v.

GEORGE  W.  WERTZ.

</div>

UNRECORDED CHATTEL MORTGAGE—DEATH OF MORTGAGOR—RIGHTS OF MORTGAGEE.—It is well settled that as between the parties themselves, an unrecorded chattel mortgage is valid and binding.  An administrator of the mortgagor of such unrecorded instrument, is not a third person within the meaning of the statute, so as to enable him to withhold possession of the mortgaged chattels from the mortgagee on condition broken.  He has no better title than his intestate had.

APPEAL from the Circuit Court of Vermillion county; the Hon. O. L. DAVIS, Judge, presiding.

Messrs. MANN & CALHOUN, for appellant; contending that

the administrator being in privity in estate with the mortgagor could have no greater rights in the property than his intestate had, cited 1 Greenleaf's Ev. § 189; Bump on Fraudulent Conveyances, 443; Herman on Chattel Mortgages, 348, 159.

The legal title to the property vested in the mortgagee on condition broken: Durfee v. Grinnell, 69 Ill. 371; Simmons v. Jenkins Adm'r, 76 Ill. 479.

A husband may dispose of his personal estate and so defeat the claim of his widow for a specific allowance: Padfield v. Padfield, 78 Ill. 16; Phelps v. Phelps, 72 Ill. 545.

Messrs. EVANS & SWALLOW, for appellee; that until forfeiture the mortgagee has only a lien upon the property, cited Rhines v. Phelps et al. 3 Gilm. 455.

And where material provisions of the statute have been omitted in the execution of the mortgage, it is questionable whether even a lien exists: Henry et al. v. R. I. L. W. 9 Chicago Legal News, 225.

Upon the grant of letters of administration, the legal title vested in the administrator: Makepeace v. Moore, 5 Gilm. 474; Cross v. Carey, 25 Ill. 562; Reynolds v. The People, 55 Ill. 328.

The mortgage not being recorded is void as against the rights of third persons: Rev. Stat. 1874, Chap. 95, § 1; Frank v. Miner, 50 Ill. 444; Corgan v. Frew, 31 Ill. 31; Henry et al. v. R. I. L. W. 9 Chicago Legal News, 225.

The administrator is the representative of the creditors and distributees of the decedent's estate, and this mortgage was void as to them: 2 Greenleaf's Ev. § 641; 2 Hilliard on Mortgages, Chap. 46, 12; Welsh v. Bekey, 1 Penn. 57; Kater v. Steinruck, 40 Penn. 501.

The widow is entitled to certain specific appropriations out of the estate in exclusion of debts, claims and charges: Rev. Stat. 1874, Chap. 3, § 74; York v. York, 38 Ill. 522.

HIGBEE, P. J.    It appears by the record in this case, that Lewis in his lifetime was the owner of certain personal property which he mortgaged to appellant to secure the payment of several promissory notes given by him to appellant.    The

Griffin v. Wertz.

mortgage contains the condition that until default is made the mortgagor shall retain the possession of the property; but upon the maturity of either of the notes and default in payment, the mortgagee was authorized to take and sell the property.

Lewis died before the maturity of either of the notes, in possession of the property, when appellee was appointed his administrator, and as such received the possession of the mortgaged property and caused it to be inventoried and appraised as a part of the estate of said Lewis.

The mortgage was executed and acknowledged as required by the chattel mortgage act, but was not recorded. Upon the maturity of the first note appellant took possession of the property under his mortgage, for which taking appellee brought this suit in trover and recovered a judgment in the Vermillion Circuit Court for the value of the property.

That an unrecorded chattel mortgage is valid and binding between the parties to the instrument is not open to question. By the statute, however, it is made void as against the rights and interest of third persons, and the only question presented in this case is, whether the administrator is a third person within the meaning of this statute. There is some conflict in the authorities upon this question, but we are of opinion that both sound reason and the weight of authority are against the position In the lifetime of the intestate no one would question the validity of the mortgage against him, and we think it equally binding upon his heirs and personal representatives. The administrator takes the personal property of deceased as his representative, and acquires no better right than he had. Herman on Chattel Mortgages, p. 159 and 348, and authorities there cited. Chateau v. Jones et al. 11 Ill. 300.

For these reasons the judgment is reversed and the cause remanded.

Reversed and remanded.

Davis, J., having tried this case in the court below took no part in this decision.