## F. M. ATKINSON
## v.
## FRANK FOSTER.

*Creditor's Bill—Receiver—Proxy to Vote Stock—Power of Court to Order Execution of.*

Where a receiver has been appointed in proceedings on a creditor's bill, and the property assigned includes stock of a corporation, the court may order the defendant to execute a proxy or power of attorney enabling the receiver to vote the stock at meetings of the stockholders of the corporation.

[Opinion filed July 3, 1888.]

APPEAL from the Superior Court of Cook County; the Hon. HENRY M. SHEPARD, Judge, presiding.

Appellee recovered a judgment against the appellant, and, after the return of an execution no property found, a creditor's bill was filed against appellant, and such proceedings were had that a receiver was appointed and appellant ordered to execute an assignment to said receiver of his property. The receiver afterward, on the 31st day of August, 1887, filed his petition in the court, in which it was alleged that the petitioner was appointed receiver and that said Atkinson executed an assignment of his property in the usual form, and was at that time the owner of 450 shares of the capital stock of the Chicago Tyre and Spring Works, which then and now stands in the name of Atkinson upon the books of the company; that at the time of the appointment Atkinson was entitled to vote upon said 450 shares at all the meetings of the stockholders of the company; that petitioner as such receiver is advised that by such appointment as between him and Atkinson, he succeeded to all the rights of Atkinson in or concerning said stock, including the right to vote thereon at such meetings; that by the by-laws of the company no transfer is recognized by the company until made upon the books of the company by the

surrender of the certificate to the assignee; that the certificates of said 450 shares, or any part thereof, have not been surrendered, nor have any new certificates been issued therefor to petitioner as assignee. That by reason thereof the receiver's right to vote upon said stock at the meetings of the stockholders will not be recognized by the officers or stockholders; that the regular annual meeting of the stockholders has been called to convene September 5, 1887; that the petitioner will not be in a position to vote upon said stock unless the same be properly transferred to him upon the books of the company, or unless Atkinson shall execute to him as such receiver a proxy authorizing him to vote this stock; that he believes it to be important to the value of the stock and the interest of the estate committed to his charge that he should attend this meeting and be able to vote thereat upon this stock; that the affairs of the company by dissensions among its stockholders have become very much disordered; that there are now two rival boards of directors, each claiming to have authority to act as such; that said disorders and dissensions have resulted in the appointment by this court of a receiver of the affairs and assets of the company, at the instance of its creditors, and it has been brought to the verge of insolvency, and unless some action is taken toward electing an undisputed set of officers and directors and taking the assets from the hands of the receiver, the petitioner believes the stock will become worthless; that Atkinson, since the appointment of the receiver of the company, seems to be indifferent if not hostile to its interests; that petitioner is informed that Atkinson, shortly after the appointment of the receiver, started and is now president of another corporation known as the Atkinson Car Spring Works; that since the organization of the new company Atkinson has been working against the old, as will more fully appear from circulars which petitioner is informed and believes Atkinson caused to be printed and sent to the customers of the spring works; and petitioner believes that if defendant Atkinson were to vote said stock he would so act therein as to continue rather than remove the obstacles which have disordered the affairs of the spring works; that petitioner is in-

formed and believes that Atkinson is president of the spring works, and either Charles H. Ferry or Eli Smith is secretary and treasurer thereof; that by the by-laws the company's certificates issued for stock must be signed by the president and secretary and treasurer; that Atkinson placed the stock certificates book in the possession of his attorney, Allan C. Story.

Petitioner prays that Atkinson, as president, and Smith or Ferry, as secretary and treasurer of the spring works, be directed to issue to petitioner new certificates for 450 shares of the stock upon the surrender of the present certificates, and for that purpose that Atkinson and Story give access to the transfer certificate book, or that Atkinson execute and deliver to petitioner, within a short time to be fixed, a proxy authorizing petitioner to vote upon the 450 shares of stock at the meeting of the stockholders and any adjournment thereof, or at meetings that may be held of the stockholders, until the further order of the court, and that Atkinson be restrained from interfering with petitioner in so voting said stock under said proxy, or from voting or attempting, either by himself or his agents, etc., to vote thereon.

The petition was verified by the oath of the receiver, and had attached to it, as the exhibits referred to, copies of certain circulars. Atkinson filed his answer to the petition, in which he claimed that the note on which the judgment was taken against him as the basis of the creditor's bill, had been paid, as set forth in his answer to the creditor's bill, and he made said answer part of his answer to the petitioner.

The receiver supported the allegations of his petition by proof, and the court entered the following order:

"This cause coming on to be heard upon the petition of E. A. Filkins, the receiver in above entitled cause, filed herein on the 31st day of August A. D. 1887, asking for a transfer or proxy to vote upon certain stock therein mentioned and described, and upon the answer of the defendant, F. M. Atkinson, thereto, and upon due notice to Allan C. Story, the court having heard the counsel for the respective parties, and being fully advised in the premises, it is ordered that said defendant, F. M. Atkinson, do, before 10 o'clock A. M. on Friday, the

2d day of September, A. D. 1887, execute and deliver to E. A. Filkins, the receiver, a certain proxy or power of attorney in the following form, as near as may be:

"Know all men by these presents, that I, Frederick M. Atkinson, of the city of Chicago, county of Cook, and State of Illinois, do hereby appoint Edward A. Filkins, of said county and State of Illinois, to be my substitute and proxy for me and in my name and behalf, to vote at any election of the stockholders of the Chicago Tyre and Spring Works, a joint stock company, and at any meeting of the stockholders of said company, as fully as I might or could, were I personally present.

" In witness thereof, I have hereunto set my hand and seal the ——— day of September A. D. 1887.

. " Authorizing said Filkins as such receiver to vote in the name, place and stead of said Atkinson upon the 450 shares of stock of the Chicago Tyre and Spring Works mentioned in said petition and represented by certificates of stock issued by said Chicago Tyre and Spring Works to said F. M. Atkinson, and numbered 18, 19, 5, 6, 7, respectively, at the annual meeting of the stockholders of said company to be held on the 5th day of September A. D. 1887, and any adjournment thereof, and all other meetings of said stockholders, until the further order of this court, and that said Atkinson, his agents and attorneys, do refrain from interfering with said Filkins in his voting upon said stock under said proxy or power of attorney, and from voting or attempting, either by himself or by his agents, to vote upon said 450 shares of stock at said meeting, or any of them.

" It is further ordered that said defendant, F. M. Atkinson, do within five days execute upon the back of said certificates an assignment thereof in due form to said Filkins as such receiver, and that said Filkins do as soon as practicable thereafter cause said certificates to be surrendered to said Chicago Tyre and Spring Works, and new certificates issued to him as such receiver, in lieu of such certificates so surrendered, and that said defendant, the Chicago Tyre and Spring Works, by its proper officers, do upon demand of said Filkins execute and issue to him such new certificates.

"And it is further ordered that Allan C. Story do allow the proper officers of said Chicago Tyre and Spring Works access to the stock certificate book of said company for the purpose of issuing such new certificates."

This appeal is prosecuted to reverse that order.

Messrs. G. W. & J. T. Kretzinger, for appellant.

Messrs. Cook & Upton, and Trumbull, Robbins & Trumbull, for appellee.

Moran, P. J. The order appealed from is interlocutory, but is reviewable under section 1 of "An act to provide for appeals from interlocutory orders and granting injunctions or appointing receivers," in force July 1, 1887.

The question made is as to the power of the court to compel appellant to execute to the receiver a power of attorney enabling him to vote the stock in such manner as should seem to him to be for the best advantage to the property. A receiver appointed on a creditor's bill does not merely take property and hold it for the benefit of the party finally successful, as is the case where the dispute is over the title to the property.

The receiver in a creditor's suit is appointed to take the property of the judgment debtor and dispose of it and apply the proceeds in satisfaction of the judgment under the direction of the court, and, as is said in Beach on Receivers, Sec. 639, "it is a well established rule of law that, as to all the property and rights of property of the judgment debtor and as to all lawful transactions with his property, the receiver stands only in the place of the judgment debtor."

Where, from the peculiar nature of the property coming to the hands of the receiver, some further conveyance than the usual assignment from the debtor to the receiver is necessary to vest in the receiver the complete legal title and enable him to dispose of the property to advantage, and to protect it while he holds it, the court *ex necessitate* must have the power to compel the judgment debtor to execute such further conveyance.

From the allegations of the petition it appears that an exi-

gency had arisen, in which, without the proxy to vote the stock, the receiver would be unable to protect it against the efforts of the judgment debtor himself to render it worthless.

We think that under such circumstances the court had the power to require the judgment debtor to execute any instrument, which was necessary for the protection of the *res*. It was just and proper that the stock should be so used as that its value should not be diminished or destroyed, and it is well known that officers of a corporation who desire to accomplish that end can soon wreck a corporation, and render stock in it of no value. The receiver was the one to protect the stock by voting it at the election, and it was proper to clothe him with the legal means of doing so. The power of the court to compel the execution of a proxy or power of attorney to vote stock, has been exercised, and rests on the same foundation as its power to compel the execution of any other instrument. In Vowell v. Thompson, 3 Cranch, C. C. 428, a bill was filed to compel the mortgagee to give to the mortgagor a power of attorney to vote on certain stock at an election of directors of the corporation, and the court granted the relief.

We are of the opinion that the court had full power to enter the order appealed from, and that, under the circumstances, it was discreetly and providently exercised.

The order will therefore be affirmed.

*Order affirmed.*

GARNETT, J., took no part in the determination of this case in this court.