## First National Bank of Chicago v. Charles H. Baker, Receiver, etc.

1. CHATTEL MORTGAGES—*By Corporations—Acknowledgment.*—A chattel mortgage made by a corporation, but acknowledged by its president and secretary, as the mortgagors therein named, is not executed in compliance with the statute, and is invalid as against the rights and interests of third persons, where the property is to remain with the mortgagor.

2. SAME—*Construction of the Statute.*—The word " may " as used in the statute, providing that the certificate of acknowledgment of a chattel mortgage *may* be in the form prescribed, is imperative.

3. SAME—*Must be Acknowledged by the Mortgagor.*—It is the mortgagor only who can acknowledge a chattel mortgage, and the certificate must set forth that he did acknowledge it.

4. SAME—*A Creature of the Statute.*—A chattel mortgage, valid as against *bona fide* purchasers and creditors, where possession is not delivered to the mortgagee, is entirely the creature of the statute, and a compliance with the statute is requisite to its validity.

5. SAME—*When Void as to Creditors.*—A bank took a chattel mortgage from a corporation to secure the payment of money due it. Afterward a judgment was recovered, and upon a creditor's bill founded upon it a receiver was appointed and given power to continue the business. Upon the maturity of the mortgage indebtedness the bank intervened, setting up its mortgage, and prayed for an order upon the receiver to pay off the indebtedness, or else to deliver to it the mortgaged property. It appearing that the mortgage was defectively acknowledged, *it was held* invalid as against the receiver and the lawful creditors of the receiver.

6. RECEIVER—*Stands in the Place of the Judgment Debtor.*—As to all the property and rights of property of a judgment debtor and as to all lawful transactions with his property, a receiver stands in the place of a judgment debtor.

First Nat. Bank of Chicago v. Baker.

**Creditor's Bill,**—Interpleader.  Appeal from the Circuit Court of Cook County; the Hon. MURRAY F. TULEY, Judge, presiding.  Heard in this court at the October term, 1895.  Affirmed.  Opinion filed January 22, 1896.

## STATEMENT OF THE CASE.

In February, 1894, the Corey Car & Manufacturing Company was indebted to appellant for some $6,300.  The latter held some security, and demanded more, whereupon the chattel mortgage, which is the subject of this litigation, was offered by the company and accepted by the bank, on or about February 5, 1894.  At that time the company was not in a flourishing condition, but it was not contemplating failure.

The bank undertook, in consideration of receiving the mortgage, to " carry " the debt, as it then was, for the full year that the mortgage note would run.  That is to say, the indebtedness was about $6,300, evidenced by various notes coming due at short intervals.  The mortgage note (which the bank held as collateral only) was for $10,000, payable one year after date, which was February 5, 1894.  The bank was to renew or extend the former notes as they came due, from time to time, until the $10,000 mortgage note should be due.  Accordingly the bank did make several such renewals between the time when the mortgage was taken and the time when the receiver was appointed, a little over a month later.  It also made the company fresh loans during this same period.

March 8, 1894, a judgment was obtained against the company, on which a creditor's bill was filed by Henry S. Jaffray, the owner of the judgment, and on that bill Charles H. Baker (the appellee here) was appointed receiver of the company's assets and property, March 21st.  The receiver, by the order appointing him, was given power to continue the business until the further order of the court.  The bank was not made a party to the suit.  Appellant learned some time after the appointment that the receiver was carrying on the business; he kept his bank account, as receiver, with said bank, and at some time, while he was so carrying on the

business, he borrowed $600 of the bank, which he said he needed in order to pay for material which he was buying to use in finishing some cars, and would repay when he got his pay for the cars. The bank also discounted for him more or less paper taken by him as receiver in the course of business.

The $10,000 mortgage note fell due February 8, 1895 The next day the bank intervened in the Jaffray suit, set up its mortgage and prayed the court to order the receiver to pay off the indebtedness secured thereby, or else to deliver the mortgaged property over, to be dealt with according to the terms of the mortgage, or to sell the property himself and apply the proceeds on the mortgage debt. It is from the order which the court finally entered, denying this petition, that the bank appeals.

The bank's petition was answered by the assignee, and by sundry creditors of the *receiver*, for goods, etc., sold by them to him while he was carrying on business under the order of court, they claiming that their demands upon the mortgaged property were superior to the mortgage, and should be paid in preference to it, because, as they alleged, the bank knew that the receiver was carrying on the business, and "using said (mortgaged) property and machinery in connection therewith," and contracting debts, including those to the respondents, yet did not object; because, also, the receiver "paid rents, insurance and taxes" upon the mortgaged property; and because, also, the bank "having allowed said receiver to hold himself out as being lawfully in possession of said property," was thereby estopped to assert its mortgage against the respondents, and because the mortgage was not properly acknowledged, was without "present consideration" to the mortgagor, and was given in part to secure debts upon which the president, who was also a director of the company, was personally liable.

The court below denied the bank's petition, and held its mortgage to be invalid against the creditors of the receiver, and ordered the receiver to sell the property as a whole if possible; and it having been found to be impossible to sell it in this way, the court ordered an auction.

The receiver reported that the auction sale yielded $2,771.65, as the proceeds of the property included in the bank's mortgage; $389.35, as the proceeds of property not covered by the mortgage.

The order appealed from is substantially as follows:

It further appearing to the court that by sale of the property remaining in the hands of the receiver under previous order of the court, including all of the property mentioned in said petition, only about $3,000 has been realized, which will all be required to meet and pay the debts and expenses of said receiver. It is ordered, etc., that the prayer of said petition of said First National Bank be denied and said petition be and the same is hereby dismissed with costs; that the mortgage set up in said petition be declared void against the receiver and lawful creditors of the receiver in this cause, for the reason that the said mortgage was not acknowledged by the said Corey Car & Manufacturing Co. according to law, and that the said First National Bank is equitably estopped from enforcing said mortgage against the lawful creditors of said receiver, who have furnished necessary supplies for carrying on the business of said company in accordance with the order appointing the receiver in this cause.

Reference is ordered to Geo. Mills Rogers, master in chancery, to examine the reports and accounts of the receiver, etc., to report to the court all claims against said receiver, heretofore allowed by the court, or which may be allowed by the court hereafter, to report upon and fix the compensation of said receiver and receiver's counsel in this cause, and fix the priority and manner of the payment of all claims out of the funds in the hands of the receiver, in accordance with this decree, and make a report thereof to this court with all convenient speed.

Ordered, also, that the claim of D. H. Kochersperger, county treasurer of Cook county, as collector of taxes in and for the county of Cook, for $222.82, personal property taxes for 1893, be the first and prior lien against the property of said company, and that the receiver pay the same to said county collector in full.

ORVILLE PECKHAM, attorney for appellant.

WM. M. JONES, W. I. CULVER and OTIS & GRAVES, attorneys for appellee.

MR. JUSTICE WATERMAN DELIVERED THE OPINION OF THE COURT.

The certificate of acknowledgment of the chattel mortgage under which appellant claims, is as follows :

" STATE OF ILLINOIS, }
County of Cook. } ss. I, Jarvis Blume, a justice of the peace in the town of West Chicago, in and for said county, do hereby certify that this mortgage was duly acknowledged before me by the above named James B. Rielly, Sect'y, and Francis W. Corey, Pres't, the mortgagors therein named, and entered by me this 6th day of February, A. D. 1894.

Witness my hand and seal.

JARVIS BLUME, [SEAL.]
Justice of the Peace, Town of West Chicago, County of Cook, State of Illinois."

The second section of the chattel mortgage act prescribes the manner in which a chattel mortgage " shall be acknowledged," and also sets forth the form of certificate; the language of the statute as to this form being : " The certificate of acknowledgment may be in the following form : This (name of instrument) was acknowledged before me by (name of grantor)," etc. Rev. Stat. of Illinois, Ch. 95, Sec. 2. The word " may " as used in this statute is imperative. Henderson v. Morgan, 26 Illinois 431; Ticknor v. McClelland, 84 Illinois 471–476.

It is the grantor only who can acknowledge a chattel mortgage, and the certificate must set forth that the grantor did acknowledge. The certificate in the present case is not that the grantor acknowledged but that the mortgage was acknowledged " by the above named James B. Rielly, Secretary, and Francis W. Corey, President, the mortgagors therein named."

Neither James Rielly, Sect'y, or Francis W. Corey, Pres't, were "above named," nor were they "the mortgagors therein named."

It is said that this certificate is sufficient, because no one could mistake its meaning. If all the world, to whom the certificate of acknowledgment, entry in the justice's docket, and recording is supposed to give notice, knew that at the time of the acknowledgment James Rielly was secretary, and Francis W. Corey president, of the Corey Car & Manufacturing Co., the mortgagor, and intended by what they did to make an acknowledgment by the said company, then the said world could hardly mistake the meaning of the certificate. As it is, the justice for some reason has failed to take the responsibility of certifying that the grantor did acknowledge, or that Rielly and Corey were respectively the secretary and president of the Corey Car & Manufacturing Co., or as officers of that company acknowledged to him anything whatever.

The question here presented is, whether this certificate of acknowledgment of a chattel mortgage which does not purport to be an acknowledgment by the grantor, is to be held to be by the grantor. ·

A chattel mortgage, valid against *bona fide* purchasers and creditors where possession is not delivered, is entirely the creature of the statute. It is not enough that an intention existed to make, and parties believed they had made such mortgage, or that a creditor knows of an attempt to make and acknowledge a mortgage of chattels; compliance with the statute is requisite to its validity.

Therefore, we are not to consider what one who reads this certificate might conclude, but what is certified. In Schroeder v. Keller, 34 Ill. 46, and Harvey v. Dunn, 89 Ill. 539, the words "and entered by me" were in each case omitted from the certificate of acknowledgment. These words are required to be inserted only when the acknowledgment is by a resident. The omission of them is held not to vitiate and render invalid the acknowledgment "where the justice taking the acknowledgment did, in fact, make the entry upon his docket as required by the statute."

What entry, if any, the justice made upon his docket, of the acknowledgment of the mortgage now under consideration, is not shown.

We do not regard the case of Durfee v. Grinnell, 69 Ill. 371, as analogous to the present. In that case the justice had written in the certificate as its date 1872, instead of 1871, the true date.

This was a most obvious mistake. The parties stipulated in that case that 1871 was the true date; having thus stipulated that a mistake was made in dating the certificate, the court infers that the entry in the justice's docket " bears the proper date, and is without objection." There is no stipulation in the present case that the mortgage was acknowledged by the Corey Car & Mfg. Co., or that any entry in the justice's docket is to such effect.

Appellant did not call Rielly or Corey, or show by them that the acknowledgment was by the grantor, the Corey Car & Mfg. Co., instead, as the certificate declares, by Rielly, secretary, and Corey, president.

The execution issued upon the judgment obtained by Jaffray against the Corey Car & Mfg. Co. was a lien upon its personal property; his creditor's bill was an equitable lien in his favor as a judgment creditor.

Appellant sets up a chattel mortgage, invalid as to creditors, against the lien of a creditor.

" It is a well established rule of law that, as to all the property and rights of property of the judgment debtor, and as to all lawful transactions with his property, the receiver stands only in the place of the judgment debtor." Beach on Receivers, Sec. 639; Atkinson v. Foster, 27 Ill. App. 63.

The chattel mortgage act of this State declares " That no mortgage, trust deed or other conveyance of personal property having the effect of a mortgage or lien upon personal property, shall be valid as against the rights and interests of any third person, unless possession thereof shall be delivered to and remain with the grantee, or the instrument shall provide for the possession of the property to remain with the grantor, and the instrument is acknowledged

and recorded as hereinafter directed." Whether a chattel mortgage invalid "as against the rights and interests of any third person" is valid as against an assignee, under the insolvency statute of this State, being as he is a trustee for creditors of the mortgagor and representing them, has not been decided by the Supreme Court of this State.

In Hanes v. Tiffany, 26 Ohio St. 549, it was held that an assignee appointed under the statute of that State, relating to assignments for the benefit of creditors, took title free from a claim based upon a chattel mortgage not prepared in accordance with the statute regulating the creation of chattel mortgages. The court say that while the chattel mortgage was good as against the mortgagor, and so at common law would have been against his voluntary assignee, the statute having declared void all chattel mortgages not prepared in accordance with the statute, such mortgage is not valid against an assignee holding for the exclusive benefit of creditors.

The same rule is announced in Lindemann v. Ingham, 36. Ohio Stat. 1–11.

To the same effect is the case of Lockwood v. Slevin et al., 26 Ind. 124–126.

In Putnam v. Reynolds, 44 Mich. 113, a mortgagee of chattels filed a bill to foreclose the property, the same then being in the possession of an assignee for the benefit of creditors. The court dismissed his bill, Cooley, J., for the court, saying :

"It is insisted on behalf of complainant that his mortgage, notwithstanding the failure to file it, was perfectly good as against the mortgagor, and that the latter could not, by a voluntary assignment, transfer a right to assail it which he did not himself possess. The assignee is not a purchaser for value, and not a creditor; and even creditors, it is said, can not attack the mortgage except indirectly through a seizure of the property by attachment or other suitable process. This is doubtless true where the invalidity of the mortgage arises from the fraud of the mortgagor, but whether the same rule will apply when the mortgage was

originally valid, but is made void by the neglect of the mortgagee, may well be questioned. It would be easy to suggest weighty considerations arising in such cases, but not existing in the case of a fraudulent mortgage, and which it might well be thought should control. But we do not think the question fairly arises in this case."

In Thompson v. Van Vletchen, 27 N. Y. 568, it is held that a chattel mortgage, invalid because not filed, is void as to a creditor at large, whose claim accrues while the default in filing continues, though such creditor is not in a position to raise the question until he has obtained judgment or process against the property. That property covered by an invalid chattel mortgage only, is subject to the lien of an execution against the mortgagor, is manifest; if, upon an assignment under our insolvency law, the assignee takes no title against the mortgagee, it follows that a creditor may, after the assignment, obtain judgment, have execution issued, and thus acquire a lien superior to that of the assignee and mortgagee; in other words, that the assignee as the representative of all the creditors, does not possess as to the assets of the assignor what, by proceedings had after assignment, may be acquired by any creditor. The statute as to chattel mortgages is very broad; if not acknowledged, etc., as provided, they are invalid as to the rights and interests of any third person.

It can hardly be said that after an assignment by the mortgagor for the benefit of creditors, neither such creditors nor the assignee have an interest in the mortgaged property.

The necessary and proper expenses of a receiver stand upon as high a footing as the claim of the creditor under which the receiver was appointed.

The order of the Circuit Court is affirmed.

GARY, P. J., dissenting.

Between the parties the mortgage to the bank was valid, without regard to compliance or non-compliance with the statute concerning chattel mortgages. McDowell v. Stewart, 83 Ill. 538; Griffin v. Wertz, 2 Ill. App. 487.

Being valid as against the Car & Manufacturing Company, the receiver—the appellee—could not question it; the property belonged to the bank as against the receiver. Gottlieb v. Miller, 154 Ill. 44.

The receiver represents the company only; not its creditors. Republic Life Ins. Co. v. Swigert, 135 Ill. 150.

The property being the property of the bank, it could not nor could its proceeds, be applied to paying expenses of continuing the business of the company. Hoover v. Burdette, 153 Ill. 672.

Therefore the bank is entitled to the net proceeds and the decree denying its claim should be reversed.