## S. W. Packard v. The Chicago Title & Trust Company, assignee of H. B. Twyford and Co., Insolvent.

1. LEASE—*Creating a Lien for Rent—Chattel Mortgage.*—A lease which provides that the lessor shall have a valid and first lien upon all the property of the lessee as security for rent, is, in effect, a chattel mortgage, and unless acknowledged and recorded pursuant to the statute, does not affect the property of the lessee in the hands of an assignee for the benefit of creditors.

2. SAME—*Providing Security for Rent.*—A lease which provides that the lessor shall have a lien upon the property of the lessee, as security for the rent, is, in effect, a chattel mortgage for a debt which may never accrue.

3. APPELLATE COURT PRACTICE—*Incomplete Record—Jurisdiction to Affirm.*—The want of a complete record goes to the jurisdiction of the court to reverse, but not to the jurisdiction to affirm.

**Voluntary Assignment.**—Appeal from the County Court of Cook County; the Hon. ORRIN N. CARTER, Judge, presiding. Heard in this court at the October term, 1896. Affirmed. Opinion filed December 28, 1896.

S. W. PACKARD, attorney for appellant.

CHARLES H. RIPLEY, attorney for appellee.

MR. JUSTICE GARY DELIVERED THE OPINION OF THE COURT.

This case is presented to us upon the assumption that H. B. Twyford & Company, a corporation, made, for the benefit of its creditors, an assignment to the appellee, and that the appellee was administering its assets under the direction of the County Court. The appellant claimed a priority of payment out of these assets, of rent which accrued under a lease from himself to Twyford & Company, which lease contained these provisions:

"It is expressly agreed between the parties hereto, that if default be made in the payment of the rent above reserved, or any part thereof, or in any of the covenants and agreements herein contained, to be kept by the party of the second part, it shall be lawful for the party of the first part, or the legal representatives of said party, at any time thereafter, at the election of said first party or the legal representatives thereof, without notice, to declare said term ended, and to re-enter said demised premises, or any part thereof, either with or without process of law, and the said party of the second part, or any person or persons occupying the same, to expel, remove and put out, using such force as may be necessary so to do, and the said premises again to repossess and enjoy, as before this demise, without prejudice

to any remedies which might otherwise be used for arrears of rent or preceding breach of covenants; and said party of the second part further covenants and agrees that said party of the first part, or the representatives or assigns of said party, shall have, at all times, the right to distrain for rent due, and shall have a valid and first lien upon all property of said party of the second part, whether exempt by law or not, as security for the payment of the rent herein reserved."

The particular property out of which priority was claimed, was held by the assignor when the lease was made, and passed to the possession of the assignee. The argument of the appellant now is devoted to showing that Borden v. Crook, 131 Ill. 68, and First Nat. Bank v. Adam, 138 Ill. 483, do not apply to a case where the lessee had the property when the lease was made. Those cases, however, treat such a provision as is quoted from the lease, as a chattel mortgage, which it is, in effect, and this court has held that unless acknowledged and recorded pursuant to the statute, such a mortgage does not affect the property in the hands of an assignee for the benefit of creditors. First Nat. Bank v. Baker, 62 Ill. App. 154. When that case got to the Supreme Court, it went off upon the insufficiency of the record. 161 Ill. 281.

The lease can not be held to have created a present lien for the rent now unpaid.

The term commenced April 1, 1894. The rent in question was the balance due in March, 1896, and was about three months' rent. Whether any rent would, under the lease, accrue in 1895 and 1896, was, when the lease was made, contingent upon the happening or non-happening of several events. Wood v. Partridge, 11 Mass. 487.

Thus the provision of the lease is not only in legal effect a chattel mortgage, but a chattel mortgage for a debt that might never accrue.

The only judgment which the appellant wants is one that will require the appellee to pay, and that he asks upon a record that shows no appeal bond (Pickering v. Mizner, 4

Gilm. 334, Leach v. People, 118 Ill. 157), and only portions, which the parties stipulated should be brought here, of the whole record.

That is not enough for us to reverse any judgment upon. Troy Laundry Mach. Co. v. Kelling, 157 Ill. 495; Moore v. Bolin, 5 Ill. App. 556; Reis v. Pitzele, 63 Ill. App. 47; Hill v. Hill, Ibid. 366.

The want of a complete record goes to the jurisdiction to reverse, but not to the jurisdiction to affirm. Cases above cited from 5 Ill. App. and 157 Ill.

The judgment is affirmed.