# CASES

IN THE

# APPELLATE COURTS OF ILLINOIS.

## FIRST DISTRICT—MARCH TERM, 1898.

### John Gubbins v. Equitable Trust Co., Assignee of the Excelsior Machine & Boiler Works et al.

1. LANDLORD'S LIEN—*Where the Tenant Makes a Voluntary Assignment.*—A landlord has no lien upon the assets of an insolvent tenant, in the hands of an assignee under the insolvent act, in preference to other creditors, by virtue of provisions of his lease granting him a first lien upon the property belonging to his tenant, as security for the payment of the rent.

2. SAME—*Under the Provisions of a Lease.*—A provision in a lease giving a landlord a first lien upon the goods of his tenant, and the right to distrain the same, whether or not exempt by law, as to creditors, is in the nature of a chattel mortgage lien, and is to be governed by the rules of law applicable to chattel mortgages.

**Voluntary Assignment Proceedings.**—In the County Court of Cook County; the Hon. JOHN H. BATTEN, Judge, presiding. Finding and judgment for defendants. Appeal by petitioner. Heard in the Branch Appellate Court at the March term, 1898. Affirmed. Opinion filed January 24, 1899.

STEIN & PLATT, attorneys for appellant.

FELSENTHAL & D'ANCONA, JEROME PROBST and ROBERT VAN SANDS, attorneys for appellees.

MR. JUSTICE SHEPARD delivered the opinion of the court.

Appellee Trust Company is the assignee of the Excelsior Machine & Boiler Works, an insolvent corporation, by deed of assignment executed and filed December 28, 1896; the other

appellees were creditors of the insolvent, who were made parties defendant to the petition of appellant concerning which the order appealed from was made.

Appellant filed his petition, February 15, 1897, in the County Court, setting up that the insolvent continuously occupied, as his tenant, certain premises in Chicago, from August 1, 1892, to the time of the assignment, and that after that time the assignee had been in possession of the same; that the insolvent went into possession under a written lease reserving an annual rent of $1,800, payable monthly in advance installments of $150 each, and that said sum is a fair and reasonable rent of the premises so occupied; that said lease was for a term of one year, expiring July 31, 1893; that there is due to apellant an unpaid balance of $5,175 for rent accrued under said lease, and that it was expressly provided in and by said lease that appellant should "have a valid first lien upon any and all goods and chattels and other property belonging to said Excelsior Machine & Boiler Works as security for the payment of the said rent as the same should become due."

The object of the petition was to establish in appellant's favor a preferred lien, to the extent of the accrued and unpaid rent, upon the property of the insolvent which came to the hands of the assignee, and to require the assignee to pay the same. The petition was filed while the assignee had possession and control of all the personal property of the insolvent estate, and by agreement of parties the property was sold free from appellant's claim, and his lien, if any, was transferred to the proceeds, to the extent of $1,971.60, if his lien were established, which amount was found by the court to have been realized by the assignee's sale of chattels belonging to the insolvent at the time the lease was executed.

The petition was answered by the appellees, and upon a hearing the County Court found that appellant was not entitled to a lien upon any of the assets in the assignee's possession, and disallowed his petition.

The clause of the lease upon which appellant rests his claim to a lien is as follows:

" It is expressly understood and agreed by and between the parties aforesaid, that if the rent above reserved, or any part thereof, shall be behind or unpaid on the day of payment whereon the same ought to be paid, as aforesaid, or if default shall be made in any of the covenants and agreements herein contained to be kept by the said party of the second part, its successors and assigns, it shall and may be lawful for the said party of the first part, his heirs, executors, administrators, agent, attorney or assigns, at his election, to declare said term ended, and into the said premises, or any part thereof, either with or without process of law, to re-enter; and the said party of the second part, or any other person or persons occupying, in or upon the same, to expel, remove and put out, using such force as may be necessary in so doing, and the said premises again to repossess and enjoy as in his first and former estate, and to distrain for any rent that may be due thereon upon any property belonging to said party of the second part, whether the same be exempt from execution and distress by law or not; and the said party of the second part in that case hereby agrees to waive all legal rights which it now has or may have to hold or retain any such property, under any exemption laws now in force in this State, or in any other way, meaning and intending hereby to give to the said party of the first part, his heirs, executors, administrators or assigns, a valid and first lien upon any and all goods and chattels and other property belonging to the said party of the second part, as security for the payment of said rent in manner aforesaid, anything hereinbefore contained to the contrary notwithstanding."

The lease is executed by John Gubbins, party of the first part, and by Excelsior Machine & Boiler Works, by John Gubbins, president, and L. Oberndorf, secretary.

There was never any written extension of the lease; the case was simply one of a holding over by the tenant from one year to another without any new agreement, and it was admitted on the record that the rent claimed to be due accrued subsequent to July 31, 1893, the expiration of the term provided in the lease.

Although appellant was lessor, as well as president of the lessee corporation, no point is made as to the validity of the lease.

The appellant admits that he has no case if Packard v.

C. T. & T. Co., 67 Ill. App. 598, and Bank v. Baker, 62 Ill. App. 154, were correctly decided, but attempts to show that such decisions "are in direct contradiction to a long line of decisions" by the Supreme Court. The Baker case was the authority for the decision of the Packard case, and decided that a chattel mortgage, which is invalid as to third persons, because not acknowledged and recorded pursuant to the statute, though good as between the parties to it, is not effectual as against an assignee for the benefit of creditors who, before any action by the mortgagee, has taken the mortgaged chattels into his possession and control under his deed of assignment.

The lien claimed by appellant by virtue of the quoted provisions of the lease is in the nature of a chattel mortgage lien, and is to be governed by the rules of law applicable to chattel mortgages. Borden v. Croak, 131 Ill. 68.

Although the general proposition is that an assignee in insolvency for the benefit of creditors, stands only in the place of the assignor as respects the property of the latter, it would be anomalous if in the case of a chattel mortgage invalid as to creditors, it should be held to be valid as against the assignee who is a trustee for the creditors.

As illustrated in the New York Court of Appeals decision, referred to in the Baker case, if the assignee takes no title against the mortgagee in such a case, it would follow that a creditor might, after the assignment, obtain judgment, have execution issued, and thus acquire a lien superior to both that of the mortgagee and assignee.

We have examined all the authorities cited by the appellant, and see no reason for receding from the Packard and Baker decisions, but it would take too much time and space to review them in detail. There are other grounds for affirming the judgment, but the appellant having staked his case upon the erroneous decision of those cases, as he claims, we will not take up propositions that he has not argued and give further reasons for affirming the judgment. Affirmed.