## Rodney House

*v.*

## Phillip Davis.

60　367
138　157
60　367
74a　20

1. Promissory note—*assignment of before due.* The law favors the use of commercial paper, and courts should not permit weak and uncertain evidence to impede or restrain its free circulation.

2. Bill in equity—*its frame—relief.* Where the theory of the bill is, that promissory notes, upon which judgment had been rendered, were usurious, and that the assignee, who obtained the judgment, had colluded with the payee to hold the notes in trust for him, and the proof fails to sustain the bill, it is erroneous for the court, under such a bill, to require the payee to bring the amount of usury into court to be paid to the assignee, and to require that the maker bring the balance of the judgment into court to be paid to the assignee.

3. Evidence—*under the bill.* The evidence must be in support of the theory of the bill, and if not, although a case may be made by the evidence, the party is not entitled to relief, and it must not be variant from the case the party is called upon by the bill to defend.

4. Promissory notes—*renewal—usury.* Where promissory notes are tainted with usury, their renewal, and adding the usury into the new ones, will not free them from the usury. The renewal does not change the nature of the indebtedness, but is evidence, simply, of the debt. Had the assignee known of the usury and the several renewals of the notes, the defense could have been made in his hands. The rule is, that so long as any portion of the debt remains, the usury may be pleaded whilst in the hands of the original payee, or an assignee, with notice.

5. INTEREST—*where there is usury.* Interest should be computed at the rate of six per cent on the balance of the debt, after deducting the usury.

6. PRACTICE. It is error, where the bill is dismissed as to such an assignee, to require money to be brought into court to be paid to him, as the court had no control over him after dismissing the bill as to him. If the bill had been properly framed, it would have been proper to retain jurisdiction of all the parties until exact justice should have been done.

7. On a bill properly framed in such a case as this, the maker should bring the money to pay off the judgment, into court, and then he would be entitled to recover the usury and have a decree therefor.

APPEAL from the Circuit Court of Will county; the Hon. JOSIAH MCROBERTS, Judge, presiding.

Mr. GEORGE S. HOUSE, for the appellant.

Messrs. RANDALL & FULLER, for the appellee.

Mr. JUSTICE THORNTON delivered the opinion of the Court:

The bill was filed in this case to enjoin the collection of a judgment at law, and charging usury in the notes upon which the judgment was founded.

The consideration of the notes consisted of money borrowed and property purchased, of House, and he sold the notes to one Phileo. It is alleged that usury forms a large portion of the amount of the notes.

The usury was abundantly proved, and is indeed conceded by both parties. The bill charged that Phileo, the assignee, before the maturity of the notes, had notice of the usury, and confederated with House to cover it up. The evidence is too slight to sustain the charge. The remark of Davis to Phileo, upon the day on which the notes were renewed and made payable to the latter, must have been subsequent to the transfer of the notes and the payment of the money to House.

The only other proof to support the charge, was to the effect that five or six years before the purchase of the notes, Davis stated, in the presence of Phileo, that he was paying House, upon notes for money, twenty per cent. Phileo may

have heard the remark, and he may not; and if he did, he may have forgotten it.

Such testimony is too unreliable to warrant the conclusion of notice of usury in the notes purchased. If the purchaser had any recollection of the remark, he might well suppose that the notes referred to had long been paid. We must presume that Phileo held the notes for value, and without any notice of facts which might impeach their validity between the antecedent parties.

The law encourages the use of commercial paper, and courts should not permit such weak and uncertain evidence to impede or restrain its free circulation.

We are of opinion that the court below decided correctly, that Phileo was a *bona fide* holder.

After the dismissal of the bill as to Phileo, the court rendered a decree, and found that he was entitled to receive the full amount of his judgment founded upon the notes assigned to him before maturity, and directed that appellant, the payee of the original notes assigned, bring into court the amount of the usury, and that the maker of the notes bring into court the balance of the judgment, by a day named.

The distinct theory of the bill is, that the purchaser of the notes had notice of the usury, and that he colluded with the payee to hold the notes in trust for him. These allegations, as we have seen, are not sustained.

The case of *Woodworth* v. *Huntoon*, 40 Ill. 131, is exactly in point, and is decisive against the relief granted.

In that case, the bill was filed against an assignee before maturity, for value, and a second assignee after maturity. The bill charged usury; notice of it on the part of the assignee; and that the assignment was colorable merely. The usury was admitted, but the court found that the first assignee was a *bona fide* holder before maturity, and that the remote assignee was protected through the prior innocent holder, and the bill was dismissed without prejudice because the allegations were not supported by the proof.

24—60TH ILL.

The complainant must recover on the case made by the bill. The proof must support, and not be inconsistent with, the theory of the bill. Though a good case may be made by the evidence, it must not be variant from the one which the party is called upon to defend.

As the cause may again be tried, it is proper to remark that the evidence shows conclusively that the Shoemaker note had been paid, and it should not be considered in making any computation.

The renewal of the notes, according to the proof, should not be regarded as such an independent transaction as would make payment and satisfaction of the prior notes, so as to remove the taint of usury, so far as the payee is concerned. The notes had frequently been renewed while in the hands of the payee, and usury computed at each renewal ; and if the assignee had notice of the usury, the defense could be made as to him. The notes, upon renewal, were not a satisfaction of the former notes, but only evidence of the pre-existing indebtedness.

The rule to be deduced from the decisions of this court is, that so long as any part of the debt remains unpaid, the debtor may insist upon a deduction of the usury from the part remaining unpaid. *Hadden* v. *Innes*, 24 Ill. 381 ; *Farwell* v. *Meyer*, 35 Ill. 41 ; *Saylor* v. *Daniels*, 37 Ill. 331.

As to the rate of interest to be computed upon the balance of the debt, after the deduction of the usury, six per cent only should be reckoned. *Woodworth* v. *Huntoon, supra.*

The court dismissed the bill as to the assignee, and yet required the payment of money into court for the satisfaction of his judgment, when no control could be exercised over him.

If the bill was amended so that the allegations and proofs were consistent, jurisdiction of all the parties should be retained so that exact justice could be done.

The maker of the notes has never paid, and may never pay, the usury ; and as all the parties interested are before the court, the bill should be amended to correspond with the

facts.   The maker of the notes should be permitted to bring the amount of the judgment, and interest thereon, into court, for the benefit of the *bona fide* holder, and then he would be entitled to recover the usury against the payee.

The court erred in the amount of usury found, but as counsel differ so slightly as to the amount, this can easily be ascertained upon a second hearing.

The decree is reversed and the cause remanded, with leave to amend the bill.

*Decree reversed.*