Vincent D. Lobdell, Appellee, v. G. O. Williams, Appellant.

Gen. No. 8,114.

Opinion filed January 3, 1930.

B. A. KNIGHT, for appellant.

HINCHCLIFF, MILLER & THOMAS, for appellee.

MR. PRESIDING JUSTICE BOGGS delivered the opinion of the court.

An action in assumpsit was instituted by appellee in the circuit court of Winnebago county to recover

on a note executed by appellant. The declaration consisted of the common counts, accompanied by affidavit of merits. To said declaration, appellant filed a plea of the general issue, a plea of the statute of limitations, and a notice of the defense of usury under the general issue. A trial was had, resulting in a verdict and judgment in favor of appellee for $600. To reverse said judgment, this appeal is prosecuted.

On the back of said note were three indorsements, as follows:

"July 18, 1917, Pd. Int. to July 22–17   $ 9.50
"July 18, 1917, on prin.                         25.50
"Aug. 25, 1919, Pd. to apply on Int.       20.00"

It is conceded that, if these credits were properly indorsed, the plea of the statute of limitations would not be good. Appellant, however, insists that there is no sufficient proof of the payment by him of the amounts and at the times indorsed on said note. For the reasons hereafter set forth, it will not be necessary for us to pass on this question. Appellant, at the time of the execution of said note, resided at Rockford. In January or February, 1919, he removed to the State of Michigan, where he resided until October, 1927, and thereafter, until June, 1928, he was in the State of California. Appellant's defense of the statute of limitations is therefore not well taken. Cahill's St. ch. 83, § 19; *Janeway v. Burton,* 201 Ill. 78–80.

It is next insisted that, even though there be a right of recovery, the verdict and judgment are excessive, for the reason that the note here sued on was given in renewal of a balance on a prior note of $600, which was tainted with usury.

The record discloses that, in the early part of October, 1914, appellant applied to appellee for a loan of $500. Appellee stated that he did not have the funds to loan, but thought he could procure the same from certain parties in Chicago. Appellee, accompanied by appellant, went to Chicago, and obtained

$500 from L. A. Kinsey & Son, which amount appellee delivered to appellant. Thereupon a note for $600, dated October 13, 1914, was executed by appellant, agreeing to pay appellee said amount four months after date, with interest at the rate of 6 per cent per annum after maturity. The evidence is further to the effect that, on March 22, 1917, said parties computed the amount owing on said note, and found the same to be $475; that appellant executed the note here sued on, which is as follows:

"$475.00                              March 22, 1917.

"Thirty days after date I promise to pay to the order of Vincent D. Lobdell, four hundred seventy-five dollars payable at 127 W. State St., Rockford, Illinois. With interest at 6 per cent per annum, payable semi-annually.·

"G. O. WILLIAMS."

Appellant testified that $500 was the only consideration he received for the execution and delivery of said note for $600. Appellee concedes that that was the only amount paid to appellant, but testified that appellant had agreed to pay him his expenses for going to Chicago, and commissions for procuring the loan. He did not testify as to what his expenses or commissions were, other than that his carfare one way was $3.08. He was asked, "What commissions do you refer to?", and testified in answer thereto: "Whatever it all totaled up to make the $600 note, expense and commissions. I mean $100 represented my expense, trouble and commission." Appellee, in his testimony, intimated that the loan in question was made by Kinsey & Son to appellant, but stated that the note was taken to him. However, on cross-examination he admitted that he had had possession of the note during all of the time since the same was executed, and that he did not know whether, at the time he procured the $500 from Kinsey & Son, they were advancing the

money to him, or whether he had that amount of money coming to him from them.

The only conclusion to be drawn from the evidence is that said loan was made by appellee to appellant. As appellant only received $500, said note of $600 was tainted with usury. Cahill's St. ch. 74, § 5; *Leonard v. Patton,* 106 Ill. 99; *Payne v. Newcomb,* 100 Ill. 611–616; *Ammondson v. Ryan,* 111 Ill. 506–510; *Jackson v. May,* 28 Ill. App. 305–312; *Springer v. Mack,* 222 Ill. App. 72–74.

Some contention is made by counsel for appellee that appellant, in his defense, is not entitled to go back of the settlement at the time the note here in question was executed. This point is not well taken. So long as any part of the original debt remains unpaid, the debtor may insist upon the deduction of the usury. *Payne v. Newcomb,* 100 Ill. 611–616; *Jenkins v. International Bank of Chicago,* 97 Ill. 568–579; *House v. Davis,* 60 Ill. 367–370; *Cobe v. Guyer,* 237 Ill. 568–573. In the latter case, the Supreme Court, in discussing this question, at page 573 says:

"It is contended by the defendant in error that the cancellation of the stock and the original securities and taking new notes of plaintiffs in error purged the transaction of usury. It is true that if, after a usurious transaction has been completely settled and closed, a new loan was made, the borrower will not be allowed to set up the usury in the former transaction against the new loan. Usury in one transaction cannot be availed of in another. But settlement and agreement upon the amount due and the giving of a new note do not preclude the defense of usury existing in the original transaction. So long as any part of the original debt remains unpaid, the debtor may insist upon the deduction of the usury. (*Payne v. Newcomb,* 100 Ill. 611; *Jenkins v. International Bank,* 97 Ill. 568; *House v. Davis,* 60 Ill. 367;) and only the balance of the principal remaining after the application of the principal

of all payments, whether of principal or interest, can be recovered. (*Harris v. Bressler,* 119 Ill. 467.)"

It is also insisted by appellee that the payments on interest by appellant were voluntarily made and that, that being true, he is not entitled to credit therefor. While usurious interest, voluntarily paid, cannot be recovered back where the note or loan tainted with usury has been paid in full and the transaction has been closed, yet, where any part of the principal or interest remains unpaid, the maker of the note is entitled to have credited thereon all payments made on interest, either on the original note or on the note or notes given in renewal thereof. *Cobe v. Guyer, supra,* 573; *Stober v. Ehrhart,* 223 Ill. App. 543–546; *Mason v. Pierce,* 142 Ill. 331–336.

It is admitted by appellee that the note here sued on was given in renewal of the balance owing on said note of $600. Under our holding, therefore, appellant would be entitled to credit for the $100 difference between said note of $600 and the amount received by him at the time of the execution of the note, and to the interest accruing on said $600 note from its maturity to the date of the note here sued on, being $87.90; also to the payments credited on the back of said note, entered thereon by appellee or by his authority, making a total credit of $242.90, reducing the principal of said $475 note to $232.10. As the amount owing to appellee, under our holding, is merely a matter of computation, it is not necessary to remand the cause.

The judgment of the trial court is therefore reversed and judgment is rendered here against appellant and in favor of appellees for $232.10.

*Judgment reversed; judgment here.*