## CHARLES E. BRONTE ET AL.
### v.
### JOHN H. LESLIE.

*Negotiable Instruments—Lex Loci—Note—Where Payable—Second Suit
upon the Same Note.*

1.    Where a promissory note fails to designate a place of payment the
presumption is that it is payable at the place where made.

2.    It is also presumed that a note was made where dated and that the
parties contracted with reference to the law of that place.

3.    A judgment on the merits in favor of the defendant in an action on a
promissory note by an assignee thereof, is a bar to a subsequent action by
the payee.

[Opinion filed March 13, 1889.]

APPEAL from the Superior Court of Cook County; the Hon.
JOSEPH E. GARY, Judge, presiding.

Messrs. FRANCIS A. RIDDLE and JOHN S. STEVENS, for
appellants.

There was no evidence before the court as to the place
where the note was executed except such as the instrument
itself furnishes.    It is dated "Cincinnati, Ohio, August 29,
1883," and is made payable there.    No testimony was offered
to show that it was made at a different place than where it
bears date; and it appears by the evidence that at that time
the makers were residents of that State.    The law, therefore,

presumes that it was made at the place it is dated, and that the parties contracted, when executing it, with reference to the laws of that State.   Longee v. Washburne, 16 N. H. 134; Lennig v. Ralston, 23 Pa. St. 137; Hefflebowen v. Detrick, 27 W. V. 16.

The Supreme Court of this State, in the case of Parks v. Brown, 16 Ill. 454, which was an action on an indorsed note, says, in speaking of the right of a maker to say whether the suit shall be in the name of the payee or the indorsee, the indorsement being erased: "It is not the privilege of the defendant to constitute himself the guardian of the plaintiff's rights, as between assignor and assignee, or payee and holder.   *   *   *   The defendant has a right to require that there shall be such a plaintiff as will make the recovery a bar to any other action by another for the same debt. When this is done, he is protected."

Grant, the assignee, answered every requirement of this rule, as plaintiff in the suit in Ohio, and the judgment there rendered must be a "bar to any other action by another for the same debt."

It must be conceded that the judgment in the Court of Common Pleas would estop Grant; that as to him as the owner of the note when that judgment was rendered, the whole subject-matter of the action became res judicata.   How, then, could Grant, with no property interest remaining in him in the note, with a judgment recorded which discharged the paper, pass it back to the payees and thereby re-invest them with every right they possessed on the day the note was executed? Manifestly, he was powerless to do anything of the kind.

"If a party, after a judgment against him, assigns his interest, his assignee will be bound; as it is conclusive against the assignor, it must be against the assignee, for the substitute can be in no better position than the principal."   Herman on Estoppel, etc., Vol. 1, Sec. 144.

A judgment for the maker, in an action on a note in the name of the payee for the use of the holder, is a bar to a second suit by the assignee in his own name.   Drake v. Perry, 3 Ills. 122.

Levi v. McCraney, 1 Morris (Iowa), 124, is exactly in point with the case at bar. It was a suit of the payee of a note against the maker after a judgment had been rendered in favor of the latter, upon the merits, in a former suit by an assignee of the note. The court held the former judgment a bar to the second action. "If such were not the case," says the court, "there is hardly any limit to the extent to which a defendant might be unjustly harassed."

Messrs. TENNEY, DRIGGS & HAWLEY, for appellees.

MORAN, J. On the 29th of August, 1883, appellants executed their promissory note at Cincinnati, Ohio, whereby they jointly and severally promised to pay to George and John H. Leslie, or order, $3,000 six months after date. The consideration of the note was the sale to appellants of certain shares of stock of a mining company in Mexico known as The Santos Manufacturing and Mining Company. The note was transferred by indorsement and delivered to one William Grant, in the city of Chicago, and he, as the owner and holder of it, brought suit upon it after it matured, against the appellants as makers, in the Court of Common Pleas in Hamilton county, Ohio, in which county appellants resided. Appellants all appeared in said suit and answered that Grant did not receive the note before maturity, and set up as their defense, want of consideration, alleging, among other things, that the stock of The Santos Manufacturing and Mining Company which they received from the payees of the note was fraudulently represented by said payees to be of value, when, in fact, it was worthless. The allegations of the answer were traversed in proper form by Grant, and upon the issues as thus made up a trial was had upon the merits, which resulted in a verdict and judgment for the defendants.

Over a year after the rendition of said judgment, George and John H. Leslie instituted this suit upon the same note as payees and owners thereof. To the declaration, which contained a special count on the note and the common counts, appellants filed, with other pleas, a special plea setting up the

Bronte v. Leslie.

above mentioned judgment in bar of the action, and to this plea appellees replied *nul tiel record.* The case was submitted to the court without a jury, and the death of George Leslie having been suggested, the suit was ordered to proceed in the name of the surviving plaintiff. The case was tried upon the issue presented by the plea setting up the Ohio judgment, and after the evidence was all in, the court held the following proposition of law: " And the court, finding that the note was made and assigned in the State of Illinois, and that at the time the note became due, and ever since hitherto, the makers thereof were residents of the State of Ohio, and not of the State of Illinois, held as a legal conclusion that a judgment in favor of the defendants upon the merits of the suit brought in the State of Ohio against them by the assignee, was no bar to the action by the payees, and therefore the plaintiff was entitled to recover.

There is no evidence in the record to support the finding that the note was executed in the State of Illinois. It was dated " Cincinnati, Ohio," and no place of payment being designated, it must be taken to be payable there. It is a presumption of law that an instrument is made at the place where dated, and that the parties contract with reference to the law of such place. Longee v. Washburne, 16 N. H. 134. We do not perceive that the finding in that regard, if supported by the evidence, could be material, and we must therefore treat the proposition as holding simply that the Ohio judgment against the assignee was not a bar to a subsequent suit on the note by the payees.

There seems to be a dearth of authorities on the question thus presented, and no case which we have been referred to presents any discussion of the principles which govern its decision. We are of opinion that this case is not to be distinguished in principle from that of Zimmerman v. Zimmerman, 15 Ill. 84. There a suit was brought by the second assignee of a note against the maker, and after hearing evidence, the justice of the peace, before whom the action was tried, rendered a judgment against the plaintiff for costs. Suit was afterward brought upon the note by the first assignee against

the maker, and the transcript of the judgment against the second assignee was offered in evidence, and it was shown that said suit was upon the same note. The Supreme Court held the first judgment a bar to the second action.

That a judgment in favor of the defendant, in an action upon a note by an assignee thereof, where the merits were determined, is a bar to subsequent action on the note by the payee against the maker, was held by the Iowa Supreme Court in Levi v. McCraney, 1 Morris, 124, and by the Supreme Court of Kentucky in Soward v. Coppage, 9 S. W. Rep. 389. Following these authorities, we are compelled to conclude that the court erred in holding the proposition of law above set out.

The Ohio judgment in the suit brought by the assignee was a bar to this action brought by the payee against the makers of the note.

For the error indicated, the judgment must be reversed.

*Judgment reversed.*