## J. M. Hoyt, C. B. Little and L. A. Stebbins, Trustees, Plaintiffs in Error, v. William P. Morris and J. H. Brumsey, Defendants in Error.

### Gen. No. 25,259.

1. BILLS AND NOTES, § 468*—*when warrant of attorney to confess judgment is not exhausted.* A warrant of attorney which authorizes confession of a judgment is not exhausted where a judgment is entered under the warrant on a note and such judgment is vacated and set aside as invalid, as the purpose of the warrant must have been served before it can be said to be exhausted, and when the first attempt to enter judgment is a nullity, the warrant retains its original potency.

2. APPEAL AND ERROR, § 1094*—*what should be character of brief.* A brief filed on an appeal of a case should be brief and clear so that it may assist the court in determining the questions presented; strained language and superfluous words tending to conceal the matters of substance should be avoided.

Error to the Municipal Court of Chicago; the Hon. WELLS M. COOK, Judge, presiding. Heard in this court at the October term, 1919. Reversed and remanded. Opinion filed January 12, 1920. Rehearing denied January 26, 1920.

EUGENE L. GAREY and A. J. DEUTSCHMAN, for plaintiffs in error.

MOSES, ROSENTHAL & KENNEDY, for defendants in error; HAMILTON MOSES and HENRY JACKSON DARBY, of counsel.

MR. PRESIDING JUSTICE McSURELY delivered the opinion of the court.

By this writ of error the plaintiffs seek the reversal of an order of the trial court vacating a judgment in their favor for $10,232.50, confessed under a warrant of attorney, on a note made by the defendants.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

On October 29, 1918, the plaintiffs filed their statement of claim and *cognovit,* and judgment was confessed as above stated. Thereafter, on November 25, defendants moved the court to vacate the judgment and supported their motion by affidavits which recited that a judgment had previously been entered upon the same note on October 14, 1916, in the Circuit Court of Marshall county, Illinois, and subsequently on October 25, 1918, on motion of defendants, an order was entered by said Circuit Court of Marshall county vacating and setting aside said judgment and dismissing the cause. This affidavit was supported by a transcript of said proceedings. The affidavits further asserted that defendants did not subsequent to October 14, 1918, authorize any attorney to appear for them and confess judgment; and it was averred that the power and authority conferred under the warrant of attorney in the note, having been once exercised by the entering of the judgment in Marshall county, had become exhausted and that no other or further judgment could be entered upon said note by virtue of said warrant of attorney. The trial court was in accord with this claim and vacated the judgment and dismissed the cause for want of prosecution.

We hold that in so doing the trial court was in error. The warrant of attorney was authority to confess a valid judgment. When the judgment which was attempted was vacated as invalid, the warrant had not functioned but retained its original potency. It clearly could not have exhausted its authority by an attempt which was a nullity. The purpose of the warrant of attorney must have been served before it could be said to be exhausted by its exercise. A similar point was concisely disposed of by the Supreme Court of Iowa in *Huner v. Doolittle,* vol. 3 (Greene) 76, where the court said:

"A decree had been confessed in the same case at a previous term of the court. It is therefore contended that the first act of confession exhausted the authority

of the attorney to confess under that power. This would be true if the first decree had been valid or remained unreversed. But it appears that it was taken to the Supreme Court and reversed. This placed the case and the rights of the parties the same as if the first decree had not been rendered. The intention of the power had not been carried out, consequently the object was not accomplished, and the authority was not exhausted by the first act."

To the same effect was the holding in *Guyer's Adm'r v. Guyer*, 6 Houst. (Del.) 430, and *Fairchild v. Camac*, vol. 8 Fed. Cas. p. 953. In 30 American and English Encyclopedia of Law, 118, it is said:

"A warrant which authorizes the attorney to confess a judgment or judgments, authorizes a second judgment only where the first one is imperfect and not where a valid and subsisting judgment has previously been confessed on the warrant. But where a judgment entered under the warrant has been set aside by reason of the death of the grantee, this does not prevent a second judgment being entered up thereon in the name of the administrator."

We approve of what is said in these cases as being founded upon reason and justice.

Opposed to what is above held, counsel for defendants present a brief remarkable for its display of great industry. Unfortunately it does not give that assistance to the court which should be the object of every brief. Strained language and superfluous words only tend to conceal the matters of substance in which alone the court is interested. Brevity and clarity mark the effective brief.

For the reasons above given, the judgment of the Municipal Court is reversed and the cause is remanded.

*Reversed and remanded.*