## Charles Vandersall, Appellee, v. D. H. Goldsmith, Appellant.

### Gen. No. 28,015.

Judgments—*effect on power to confess of entry of invalid judgment.* The entry of an invalid judgment by confession under warrant of attorney in promissory notes, which was subsequently vacated on motion by the plaintiff, did not exhaust the power or affect the validity of a subsequent judgment by confession entered under the warrant of attorney, since none but a valid judgment exhausts the power.

Appeal by defendant from the Municipal Court of Chicago; the Hon. Wells M. Cook, Judge, presiding. Heard in the third division of this court for the first district at the October term, 1922. Affirmed. Opinion filed December 26, 1923. Rehearing denied January 9, 1924. *Certiorari* denied by Supreme Court (making opinion final).

Church, Haft & Robertson, for appellant; Charles M. Haft, of counsel.

Walter J. Miller, for appellee.

Mr. Justice O'Connor delivered the opinion of the court.

On January 13, 1921, a judgment by confession for $6,118.99 was entered in the municipal court of Chicago under a warrant of attorney upon three notes made by the defendant. Afterwards on August 2, 1922, the defendant made a motion to vacate the judgment, but the motion was denied by the court and from that order the defendant prosecutes this appeal.

It seems to be conceded that on October 25, 1918, the plaintiff had a judgment against the defendant by confession under the same warrant of attorney and on the same notes. About six weeks thereafter—on December 3, 1918—this judgment by confession was on motion of the plaintiff vacated and set aside.

Nothing further appears to have been done in the matter until more than two years had elapsed, when on January 13, 1921, plaintiff went into court in the same suit and filed what is designated an amended statement of claim and *cognovit*. Upon the filing of it and on the same day the judgment for $6,118.99 was entered in favor of the plaintiff and against the defendant, which the defendant sought to have vacated some nineteen months later, and it is the defendant's appeal from the order of the court denying his motion that is before us.

The defendant contends that the judgment which he sought to have set aside by his motion was void because the power to confess the judgment on the notes was exhausted when the first judgment was entered. His position as stated by his counsel is: "When a valid judgment has once been entered on a judgment note, the power to confess is exhausted, and no second judgment can be entered in such note." None of the cases cited in support of this is in point except *Hoyt v. Morris,* 216 Ill. App. 321, and we will, therefore, not discuss them. In the *Hoyt* case, judgment was entered by confession under a warrant of attorney on a note made by the defendants. Afterwards the defendants moved the court to vacate the judgment and supported their motion by an affidavit, which recited that a judgment had been confessed and entered on the same note in the circuit court of Marshall county, which judgment was on motion of the defendant in that court vacated and set aside and the suit dismissed. Upon this showing the trial court set aside the judgment, holding that the power to confess judgment was exhausted by the entry of the judgment on the notes in the circuit court of Marshall county. This was held to be error on appeal, this court holding that the warrant of attorney which authorized the confession of a judgment was not exhausted by the entry of a former judgment under the same warranty where

the first judgment was set aside; that before a warranty of attorney could be said to have exhausted its power, it must appear that a valid judgment was entered by virtue of it. The court there said on page 322: "The warrant of attorney was authority to confess a valid judgment. When the judgment which was attempted was vacated as invalid, the warrant had not functioned but retained its original potency. It clearly could not have exhausted its authority by an attempt which was a nullity. The purpose of the warrant of attorney must have been served before it could be said to be exhausted by its exercise," and cited in support of this *Huner v. Doolittle*, 3 Gr. (Iowa) 76; *Guyer's Adm'r v. Guyer*, 6 Houst. (Del.) 430; *Fairchild v. Camac*, 8 Fed. Cas. p. 953, and 30 Amer. & Eng. Encyc. of Law 118. In the latter authority it is said: "A warrant which authorizes the attorney to confess a judgment or judgments authorizes a second judgment only where the first one is imperfect and not where a valid and subsisting judgment has previously been confessed on the warrant. But where a judgment entered under the warrant has been set aside by reason of the death of the grantee, this does not prevent a second judgment being entered thereon in the name of the administrator."

Counsel for the defendant seeks to distinguish the *Hoyt* case from the case at bar, by the fact that in the *Hoyt* case the first judgment was vacated on motion of the defendant, while in the case before us the first judgment was vacated on motion of the plaintiff. We think this difference in the facts does not affect the question before us. In the instant case there being but one valid judgment entered under the warranty of attorney, and that being the second judgment, it is not void, and the court was right in overruling the defendant's motion to vacate it. The order of the municipal court is affirmed.

*Affirmed.*

Taylor, P. J., and Thomson, J., concur.