John J. Mitchell, Jr., Appellant, v. J. D. Comstock, Appellee.

Gen. No. 41,027.

Heard in the third division of this court for the first district at the December term, 1939. Opinion filed May 22, 1940. Rehearing denied June 14, 1940.

TAYLOR, MILLER, BUSCH & BOYDEN, of Chicago, for appellant; JOHN S. MILLER, PRESTON BOYDEN, MORRIS I. LEIBMAN and RICHARD A. BECK, all of Chicago, of counsel.

HUMMER, VAN NESS & YOWELL, of Chicago, for appellee; JOHN J. YOWELL, of counsel.

MR. JUSTICE BURKE delivered the opinion of the court.

On June 30, 1938, plaintiff filed a statement of claim in the municipal court of Chicago, and sought to recover from the defendant the sum of $14,049.99 on a promissory note dated Chicago, September 2, 1924, for the principal sum of $8,333.33. The note was attached as exhibit 1. Therein the defendant promised to pay the principal amount on demand at 231 South LaSalle street, Chicago, with interest at 5 per cent per annum until paid. The note contained a warrant of attorney in the usual form, authorizing any attorney of any court of record to appear for him in such court, in term time or vacation, and to confess judgment. The statement of claim averred that plaintiff had been a resident of the State of Illinois since September 2, 1924, and prior thereto, and that the defendant "has not resided in the state of Illinois and has resided out of the state since September 2, 1924." An agent of the plaintiff filed a supporting affidavit. Attached to the statement of claim was an affidavit by plaintiff, called exhibit 2, wherein he deposed that he had been a resident of this

State at all times during the last 20 years, and that the defendant has not at any time been a resident of the State. At the time the complaint was filed, a cognovit was filed by an attorney at law who, by the purported authority of the warrant of attorney, confessed the claim of the plaintiff in the principal sum of $8,333.33, plus interest of $5,666.66, and attorney's fees of $50. On the day the statement of claim was filed, the court entered an order, which recited that, having read the pleadings, including the affidavits attached to the statement of claim, and having heard the testimony of plaintiff and another witness, and arguments of counsel, found that the note was executed by defendant at Chicago, Illinois; that he is not a resident of Illinois and has not been a resident of Illinois since September 2, 1924, and that he resided out of this State during all of said time; that the plaintiff has been a resident of this State during all of said time and is still a resident of this State. The order thereupon entered judgment for plaintiff and against the defendant in the sum of $14,-049.99 and costs. On August 29, 1938, attorneys Barthell, Schroeder and Hatmaker presented a written motion "to open up, vacate and set aside the judgment on the grounds (1) that the alleged indebtedness did not accrue within 10 years before the commencement of this action and was and is barred by the Statute of Limitations in accordance with Section 16 of the act in regard to limitations, Chapter 83, paragraph 17, Ill. Rev. Stat. 1937; (2) that at the time the alleged cause of action accrued neither plaintiff nor defendant were residents of the State of Illinois, and the facts fall within the exception under Section 18 of the Act in regard to Limitations, Chapter 83, paragraph 19, Ill. Rev. Stat. 1937; and (3) that the alleged cause of action arose outside of Illinois and by the laws of California the action was and is barred by reason of the lapse of time, and therefore this action cannot be maintained by virtue of Section 20 of the Act in regard to Limitations,

Chapter 83, paragraph 21, Ill. Rev. Stat. 1937." The motion was supported by an affidavit by defendant, wherein he deposed that the note was executed by him at Chester, West Virginia on September 2, 1924; that he was then a resident of West Virginia and had been a resident thereof from 1919 until 1928, when he moved his residence to California, where he continued to reside until the date of the making of the affidavit; that on September 2, 1924, plaintiff was a resident of Santa Barbara, California; that on the date of the execution of the note both parties were nonresidents of the State of Illinois, and that he did not learn of the entry of the judgment against him until August 3, 1938. The hearing on the motion was continued until September 13, 1938. On September 1, 1938, Barthell, Schroeder and Hatmaker entered a formal appearance in behalf of the defendant. On September 9, 1939, they filed a document called "Memorandum of Defendant." Point 1 of this memorandum consists of a recitation of the facts. Point 2 urges that "the judgment should be opened up because the affidavit of defendant sets out a good defense to plaintiff's claim." Under this point defendant calls attention to rule 190 of the municipal court providing that a judgment by confession may be opened with leave to the defendant to plead whenever the evidence introduced by him, by affidavit or otherwise, taken by itself alone is sufficient to establish a good defense to the plaintiff's claim in whole or in part. In the memorandum defendant suggests that rule 190 means that the court should examine defendant's affidavit alone, ignoring any evidence of plaintiff, and determine whether it, standing alone, establishes a good defense to plaintiff's cause of action in whole or in part. Point 3 of the memorandum urges that "the judgment should be opened up without requiring any security on the part of defendant." On September 13, 1938, the defendant moved for leave to file interrogatories, and that a rule be entered on plaintiff to answer such in-

terrogatories. Apparently, the motion to file inter-
rogatories was abandoned, as no further action thereon
was taken. The motion to open up the judgment was
continued from time to time. When such motion came
on to be heard on February 17, 1939, two firms of Chi-
cago attorneys, namely, Gurman & Rogers, and Yowell
& Langdon, and an attorney from California, appeared
for the first time in behalf of defendant. These attor-
neys moved (orally) to withdraw the general appear-
ance. Mr. Perkins, defendant's California attorney,
testified at this hearing. His testimony was intro-
duced for the purpose of showing, if he could, that
attorneys, Barthell, Schroeder and Hatmaker had no
authority to enter a general appearance. The defend-
ant, by his attorneys, also argued at length, for the first
time, that under paragraph 5 of section 50 of the Civil
Practice Act, as amended (par. 174, ch. 110, Ill. Rev.
Stat. 1939 [Jones Ill. Stats. Ann. 104.050]) the court
had no jurisdiction to enter the judgment by confes-
sion, because it was not entered in the county where
the defendant resided, or in which the note was exe-
cuted. Counsel for defendant also argued that the cause
of action was barred by the provisions of the statute of
limitations, and that the court had no authority by
virtue of the warrant of attorney to enter the judgment,
when the face of the note, without extrinsic proof,
showed that it was barred by the statute of limitations.
After the case was thoroughly argued, the court denied
the motion to withdraw the general appearance. The
oral motion to vacate the judgment was continued, and
the argument was resumed on February 24, 1939. On
that day, one of the attorneys for the defendant stated
that he was appearing in support of the written mo-
tion that was filed by attorneys, Barthell, Schroeder
and Hatmaker. He stated that he also was standing on
the oral motion to vacate on the ground that the court
did not have jurisdiction to enter the judgment. After
further argument, the court denied the oral motion to

vacate the judgment. Because of the absence of one of the attorneys for the defendant, the hearing of the argument on the written motion was continued. When the hearing was resumed on March 13, 1939, despite the fact that the court had already overruled the oral motion, the defendant was given permission to file a written motion setting forth the same points that were fully argued when the oral motion was presented. The court gave permission to file the written motion. The record does not show that the clerk formally entered the order denying the oral motion to vacate the judgment. At the hearing of March 30, 1939, the attorney for plaintiff stated that he recognized that the written motion filed by attorneys Barthell, Schroeder and Hatmaker tendered factual issues, and suggested that the judgment be considered as opened temporarily for the purpose of introducing evidence on the questions of fact. Accordingly, the plaintiff and another witness, on direct and cross-examination, testified as to the place of residence of plaintiff, the place where the note was executed and the consideration therefor. At a subsequent hearing the trial judge indicated that he had changed his mind and that he believed the judgment should be vacated. The court suggested that it would be well to have all the facts in the record so that if the Appellate Court disagreed, judgment could be entered there. Both parties approved the suggestion. The court stated, ''But counsel says that he is perfectly willing to stipulate that he has not any further defense. Isn't that what I understand?

''Mr. Yowell: [Attorney for defendant] That is right.

''Mr. Leibman: [Attorney for plaintiff] So that it may be considered a trial on the merits with all defenses considered, Judge?

''The Court: If there is no objection to it, we can so consider it that way so that the Appellate Court will have everything before it when it gets there.

"Mr. Yowell: Yes." On May 1, 1939, the court sustained the written motion of August 29, 1938. However, on May 8, 1939, the court vacated the order of May 1, 1939, sustained the written motion filed on March 13, 1939, vacated the judgment by confession, and entered a judgment against plaintiff for costs. This order recited that it was entered *nunc pro tunc* as of May 1, 1939. On May 8, 1939, the court also made findings of fact, as follows:

"1. I find from the evidence that the plaintiff, John J. Mitchell, has at all times been a resident of the State of Illinois, and, without limiting the generality of the foregoing, that plaintiff was a resident of Illinois on September 2, 1924 and from that time to the date on which this action was commenced. "2. I find from the evidence that the note herein involved was executed by the defendant at Chicago, Illinois." The findings of fact were entered *nunc pro tunc* as of May 1, 1939. These findings of fact were excepted to by defendant. This appeal is prosecuted to reverse the order of May 8, 1939, entered *nunc pro tunc* as of May 1, 1939, sustaining the motion to vacate the judgment and entering judgment for costs against plaintiff and to restore the judgment by confession.

The first point advanced by plaintiff is that the action is not barred by the statute of limitations. Paragraph 17 of chapter 83, Ill. Rev. Stat. 1939 (sec. 16 of the Limitations Act [Jones Ill. Stats. Ann. 107.276]) provides that actions on promissory notes shall be commenced within 10 years next after the cause of action accrued. The note is dated September 2, 1924, and is payable "on demand." Under the decisions, the statute of limitations commences to run from the time of the delivery of a "demand" note. (*In re Estate of Chapman*, 248 Ill. App. 12.) Paragraph 19 of the same chapter (sec. 18 of the Limitations Act [Ill. Rev. Stat. 1939; Jones Ill. Stats. Ann. 107.278]), reads: "If, when the cause of action accrues against a person, he is out

of the state, the action may be commenced within the times herein limited, after his coming into or return to the state; and if, after the cause of action accrues, he departs from and resides out of the state, the time of his absence is no part of the time limited for the commencement of the action. But the foregoing provisions of this section shall not apply to any case, when, at the time the cause of action accrued or shall accrue, neither the party against nor in favor of whom the same accrued or shall accrue, were or are residents of this state.'' The record clearly establishes that prior to and at the time of the execution and delivery of the note, the plaintiff was a resident of Illinois and that he continued to reside here thereafter, and that the defendant at the time of the making of the note was a resident of West Virginia, that he later became a resident of California, and that he was not at any relevant time a resident of Illinois. The record also establishes that the note was executed in Chicago. The language of sections 16 and 18 of the Limitations Act (Pars. 17 and 19, Ill. Rev. Stat. 1939 [Jones Ill. Stats. Ann. 107.276, 107.278]) is explicit that where the creditor is at all times an Illinois resident, the 10-year period does not run during the debtor's absence from the State. The statute is tolled while the debtor is out of the State unless neither the creditor nor the debtor is a resident of the State. (*Wooley v. Yarnell,* 142 Ill. 442; *Lobdell v. Williams,* 255 Ill. App. 489.) The resident creditor may proceed to enforce his remedy even though the debtor has never been a resident of Illinois. (*Janeway v. Burton,* 201 Ill. 78; *Story v. Thompson,* 36 Ill. App. 370; *Orschel v. Rothschild,* 238 Ill. App. 353.) The Illinois creditor may enforce his remedy even though the debtor never returns to Illinois. (*Jones v. Foster,* 175 Ill. 459; *Richey v. Sinclair,* 167 Ill. 184; *Hibernian Banking Ass'n v. Commercial Nat. Bank of Chicago,* 157 Ill. 524; *Blakeslee v. Hoit,* 116 Ill. App. 83.) It is patent, therefore, that since plaintiff was at all times

a resident and the defendant a nonresident, in the absence of a warrant of attorney the plaintiff would be entitled to a judgment against the defendant, provided the court acquired jurisdiction over the person of the defendant. Defendant insists that the exceptions in section 18 of the Limitations Act are inapplicable because the action must be commenced after the defendant comes into or returns to the State and not before. He argues that the defendant did not depart from the State after the cause of action accrued. Also, that it is not alleged that defendant was ever in the State and that he could not depart from the State unless he had been in the State. The court found that the note was executed in Chicago, and we are of the opinion that the evidence supports that finding. The cause of action accrued when the note was executed. It is clear, therefore, that after the cause of action accrued, the defendant departed from and resided out of the State. We are of the opinion that the exceptions contained in section 18 of the Limitations Act are applicable. Under this point defendant also argues that under the warrant of attorney, the judgment could have been confessed at any time after the cause of action accrued; that hence plaintiff could have taken judgment against the defendant at any time after the note was delivered without the necessity of serving summons, and that because he could have so taken judgment, the statute was not tolled, even though the defendant was at all relevant times absent from the State. This argument is another way of saying that the plaintiff cannot recover because the note contained a confession clause. To so hold would be, in effect, to repeal by judicial action the plain language of section 18 of the statute of limitations. That, in effect, is what the Supreme Court said in the *Hibernian* case. There is no doubt that the payee of a note which contains a confession clause may sue thereon without taking advantage of the warrant of attorney. In such case, service may be had on

the defendant and the action may proceed as though
the note did not contain a warrant of attorney to confess
judgment. The warrant of attorney in the instant case
authorizes any attorney of any court of record to ap-
pear and confess judgment for the maker. It does not
require that the attorney appear and confess judgment.
Hence, whether the judgment is obtained by securing
service of summons, or by confession of judgment, is
optional with the holder of the note. There is nothing
in the Limitations Act which establishes a different
rule as to the tolling of the statute during the absence
of the debtor as between a note that contains a con-
fession clause and one that does not contain such a
clause. As indicating the trend of judicial thought in
this State, we call attention to the fact that despite
the express provisions in § 11, ch. 83, Ill. Rev. Stat.
1939 [Jones Ill. Stats. Ann. 107.269], that no foreclo-
sure shall be brought more than 10 years after the action
accrues, the courts have nevertheless held that section
11 is subject to section 17 (part payment or new prom-
ise) and section 19 (absence of debtor), and that the
creditor may bring an action to foreclose after 10 years
where his debt is still in existence because of a new
promise or part payment, or where the debtor is absent
from the State. (*Hibernian Banking Ass'n v. Com-
mercial Nat. Bank of Chicago,* 157 Ill. 524; *Kraft v.
Holzmann,* 206 Ill. 548; *Richey v. Sinclair,* 167 Ill. 184.)

The second point urged by plaintiff is that at the
time of the entry of the judgment the record showed,
and the court found, facts conclusively demonstrating
that the statute of limitations had not commenced to
run, because of defendant's continued absence from
the State and plaintiff's continued residence therein,
and the confession of judgment of that date was, there-
fore, properly entered. Both parties place great re-
liance on the case of *Matzenbaugh v. Doyle,* 156 Ill. 331.
Defendant urges that as soon as the note becomes barred
by the statute of limitations, the warrant of attorney

is *functus officio* and no longer confers authority to confess judgment. Defendant also maintains that the court had no power to proceed on the statement of claim because it showed that he was a nonresident and failed to allege that the note was executed in Cook county. The note was dated Chicago, September 2, 1924. In the absence of evidence to the contrary, it will be presumed to have been executed at the place where it is dated. (*Brontie v. Leslie,* 30 Ill. App. 288.) In the instant case, the court specifically found from the evidence that the note was executed at Chicago, Illinois. Defendant relies on the provisions of par. 5, sec. 50, of the Civil Practice Act (subparagraph 5 of paragraph 174) Ill. Rev. Stat. 1939 [Jones Ill. Stats. Ann. 104.050], which provides that applications to confess judgment shall be made in the county in which the note or obligation was executed, or in the county where one or more of the defendants reside, or in any county in which is located any property owned by any of the defendants, and that a judgment entered by any court "in any county other than the county herein specified shall have no force or validity, anything in the power to confess to the contrary notwithstanding." The prohibition quoted does not appear in the Municipal Court Act, and there is no rule of that court containing such a restriction on the right to confess a judgment. Whether that paragraph of section 50 of the Civil Practice Act is applicable to judgments confessed in the municipal court of Chicago, has not been passed upon by any court of review. It has been held, however, that the Civil Practice Act (except as to appellate procedure) does not apply to the municipal court of Chicago. The judges of that court have the power to adopt rules of practice therein and may, if they wish, adopt parts of the Civil Practice Act and parts of the Supreme Court rules. In any event, the point made by the defendant is without force because the note here in question was executed in Chicago.

The judgment in the instant case was entered in term time, as are all judgments in this county. Our Supreme Court has held that such a judgment is entitled to the same presumptions as are indulged in favor of judgments entered after the service of process. In *Alton Banking & Trust Co. v. Gray,* 347 Ill. 99, 106, the court said: ''The issue in the trial court on the motion to vacate the judgment was, 'Did the plaintiffs in error execute the power of attorney to confess judgment?' The same presumptions are indulged in favor of a judgment by confession entered in term time as in a judgment entered by service of process. (*Boyles v. Chytraus, supra; Hansen v. Schlesinger,* 125 Ill. 230.) The rule is different where the judgment is entered by confession in vacation. (*Farwell v. Huston,* 151 Ill. 239.) In the latter case a compliance with all the statutory requirements to authorize the confession of judgment must appear on the face of the record, while in the former case every presumption will be indulged in favor of the judgment, even to the extent of presuming that a sufficient warrant of attorney was produced and proved to the court though another which was insufficient appeared in the files.'' In *Matzenbaugh v. Doyle,* 156 Ill. 331, p. 334, the court said:

''In cases of this character the authority of the attorney to execute the *cognovit,* and of the clerk to enter up judgment in pursuance thereof, should fully and clearly appear from the papers filed upon the application for judgment. Those papers, together with the judgment, constitute the record, and, like other records, it must be tried by itself, and its validity cannot be made to depend upon evidence *aliunde.* The entry of judgment having been made in vacation, before the clerk,— a mere ministerial officer,—it will be aided by none of those presumptions which prevail where judgments are entered in open court, and hence no presumptions will be indulged in that evidence was presented or heard other than that appearing in the record. If, then, the

authority of the attorney to execute the *cognovit* was not shown at the time the judgment was entered, the clerk was without authority to enter up the judgment, and such entry was improvidently made. . . .

"The question remains whether, from the record made at the time the judgment was entered, it appears that such entry was improper, so as to justify the court in setting the judgment aside. It appears from that record that the note was then more than ten years overdue, and no evidence was offered or suggestion made of any partial payment or new promise, or of any other fact bringing the case within any of the exceptions contained in the statute. It thus appears, upon the face of the record, that the debt was barred. The statement in the plaintiff's affidavit filed with the *cognovit,* 'that the sum of $1,482.57 is due on said note according to its tenor and effect,' had no tendency to bring the case within any of the statutory exceptions. That statement tended to show neither a partial payment within ten years, a new promise in writing, the non-residence of the defendant, nor any other fact which would arrest or otherwise affect the running of the statute. It is merely a statement that by the terms of the note $1,482.57 is due,—a statement not inconsistent with the theory that the debt is barred by limitation, especially in view of the rule, which seems to prevail in this State, that the effect of the statutory bar is to cut off the remedy without extinguishing the right." From a careful reading of the *Matzenbaugh* and *Alton Banking & Trust Co.* cases, we conclude that if the record made at the time the judgment was entered, shows, not by way of conclusion, but as a fact, that there was a partial payment within 10 years, a new promise in writing, the non-residence of the defendant, or any other fact which would arrest or otherwise affect the running of the statute, then it is proper to enter judgment by confession even though the face of the note does not itself show that the running of the statute was arrested. At the

time the note was executed in Illinois, the defendant was presumed to know that under the law the running of the statute of limitations would be arrested during the time when he was absent from the State, providing the plaintiff continued to reside there. While he knew that the action would be barred after 10 years from the date of the note, he also knew that it would not be barred providing any of the situations which prevented the tolling of the statute, existed. Hence, he knew at the time he signed and delivered the note that the warrant of attorney would authorize the confession of a judgment thereon even after the 10-years' period had elapsed, providing the statement of claim and exhibits attached thereto showed affirmatively that the running of the statute of limitations had been tolled. In entering the judgment in the instant case, the exhibits attached to the statement of claim are considered as a part of such statement of claim under the provisions of paragraph 3 of rule 60 of the municipal court of Chicago. We are convinced that under the statement of claim and the exhibits attached thereto, and the cognovit, the court had the right to enter up the judgment.

The trial court declined to allow the defendant to withdraw the formal general appearance entered on September 1, 1938. The record shows that the court was right in so ruling. The defendant, however, had entered a general appearance on August 29, 1938, when he filed a motion to vacate the judgment. Such motion was supported by an affidavit by the defendant. The motion and the affidavit raised points other than those questioning the jurisdiction of the court. The presentation of the motion on August 29, 1938, was in itself a general appearance. (*Kunde v. Prentice,* 329 Ill. 82; *People v. White,* 263 Ill. App. 425.) The defendant did not seek to file a special appearance for the purpose of attacking the jurisdiction of the court until approximately six months after his general appearance had been filed, and then he insisted on preserving his

right to urge all the points set up in his original motion which we have held constituted a general appearance. The defendant having appeared generally, the court had an undoubted right to enter judgment against him to the same extent as if he had been served with a summons. The plaintiff was allowed to introduce testimony on the issues of fact raised by the written motion, and he did so on the basis that the judgment was opened up for that purpose. Although no formal order was entered opening up the judgment, for the purpose of permitting the introduction of the testimony, the record shows that such procedure followed. The defendant in his written motion and supporting affidavit raises factual issues which could only be determined by the introduction of testimony. The proper practice would be for the court to open up the judgment (allowing it to stand as security), for the purpose of hearing testimony on the issues. The defendant, however, was not harmed by the informality of the procedure. The discussion between the court and counsel, which has been set out in the statement of the case, shows that both parties desired that the case be considered as one submitted on the merits.

The defendant also argues that the note was barred upon the express agreement that it should become an absolute obligation and plaintiff's property only upon a certain contingency, and that the judgment was wrongfully obtained on the theory that the note was delivered as an absolute obligation of the defendant. This point was not argued in the trial court. From the testimony of the plaintiff, which was the only evidence on this subject, it appears that the plaintiff loaned $25,000 to the Cord Tire Company. The plaintiff, defendant and another person were stockholders in that corporation. The defendant was president. The plaintiff took a note from the corporation for the money loaned. The note was never collected. The corporation went into receivership. At the time of the loan

to the corporation, the defendant and the other party each gave plaintiff a note for one third of the $25,000 loaned to the corporation. These notes were dated January 8, 1924. The note sued on herein, dated September 2, 1924, was a renewal note which replaced the one dated January 8, 1924. The testimony of plaintiff does not support the contention of defendant that the obligation represented by the note was conditional. Undoubtedly, if the note signed by the Cord Tire Company was paid, the defendant would be entitled to credit accordingly. However, the evidence shows that the note of the Cord Tire Company has never been paid. Defendant also maintains that when the note was signed, there was only a conditional delivery. There is nothing in the record to support this contention.

The court was right in finding that the plaintiff was at all relevant times a resident of this State, and that the defendant at no relevant time was a resident of the State, and that the note was executed in Chicago. Under these facts, the action was not barred by the statute of limitations and the court was in error in vacating the judgment and in entering judgment for costs against the plaintiff. It was the duty of the court to restore the judgment. For the reasons stated the order of the municipal court of Chicago entered May 8, 1939, *nunc pro tunc* as of May 1, 1939, vacating the judgment and dismissing the cause, is reversed, and the cause is remanded with directions that the municipal court of Chicago enter an order that the judgment entered on June 30, 1938, for the plaintiff and against defendant in the sum of $14,049.99 and costs stand in full force and effect as of the time of its rendition.

*Reversed and remanded with directions.*

Denis E. Sullivan, P. J., and Hebel, J., concur.