### TURNER v. ALTON BANKING & TRUST CO. et al.

No. 14078.

United States Court of Appeals Eighth Circuit.

May 1, 1950.

Rehearing Denied June 19, 1950.

900

Chase Morsey, St. Louis, Mo. (Jones, Hocker, Gladney & Grand, Lon Hocker, Jr., Benjamin Roth, St. Louis, Mo., and Wm. M. P. Smith, Edwardsville, Ill., on the brief), for appellant.

B. Sherman Landau, St. Louis, Mo. (Louis E. Miller, St. Louis, Mo., Cross, Streuber, Gibbons & Gwillim, Alton, Ill., and Miller & Landau, St. Louis, Mo., on the brief), for appellee.

Before SANBORN, WOODROUGH and THOMAS, Circuit Judges.

THOMAS, Circuit Judge.

This is an appeal from a judgment for $141,205.76 entered upon a verdict directed for the plaintiff in an action upon a foreign judgment. The same case was before this court upon an appeal from an order of the court striking a counterclaim. 166 F.2d 305.

The judgment upon which the complaint was based was rendered in the Circuit Court of Madison County, Illinois (a court of general jurisdiction), May 21, 1943, upon a cognovit note due on demand, given by appellant to her father. Jurisdiction is based upon diversity of citizenship. At the time the note was made in 1930 the defendant, appellant here, and her father both resided in Illinois. Thereafter in 1935, appellant removed to the State of Missouri where she still lived at the time the judgment appealed from was rendered. After the note was made and delivered appellant's father died and appellee was appointed and qualified as executor of his will.

The case was first presented to Judge Duncan, who entered the order from which the first appeal to this court was taken. After remand it was tried before Judge Harper, who entered the judgment from which the present appeal was taken.

Upon the trial the plaintiff offered in evidence an authenticated copy of the judgment sued upon and rested. The defendant then offered in evidence an authenticated copy of a judgment entered by the same court on the same note on February 24, 1943, and rested. This judgment had been entered upon the appearance of an attorney attempting to act under the warrant of attorney given in the note. He attempted to enter defendant's appearance and to confess judgment, and a judgment was then entered upon such confession.

The defendant having learned of the proceeding appeared by attorneys and upon motion the judgment of February 24, 1943, was set aside on May 20, 1943, for want of jurisdiction due to a defect in the affidavit of the attorney and the case "was continued for trial."

A new suit was filed on the same note the following day, and another attorney acting under the warrant of attorney given in the note appeared for the appellant, and the judgment by confession, upon which this action is based, was entered. No steps have since been taken in the Illinois court to vacate or to set aside the judgment so entered.

This suit was commenced in the federal court March 13, 1946. The trial commenced November 29, 1948, and the judgment from which this appeal was taken was entered on October 12, 1949.

In this court appellant contends:

1. That the judgment of the Illinois court sued upon shows upon the face of the record that the court did not have jurisdiction in that (a) the note shows on its face that it was barred by the 10-year statute of limitations, wherefore the warrant of attorney was no longer valid; (b) it did not appear on the record in what county of the state the note was executed as required by Hurd's Illinois Statutes, 1947, c. 110, § 174(5); (c) the warrant of attorney was exhausted by the appearance of the attorney who appeared and confessed judgment on February 24, 1943, wherefore the attorney who appeared and confessed judgment on May 21, 1943, had no power to do so; and

2. In rendering judgment without notice to the defendant she was denied due process of law guaranteed under the Fourteenth Amendment to the Constitution of the United States, and, therefore, the judgment sued upon is not entitled to full faith and credit in the district court in Missouri.

The contention that the suit having been commenced more than ten years after the note matured the warrant of attorney had expired by limitation under Illinois law is without merit for various reasons.

First, the warrant of attorney in the note in effect waives the statute of limitations. So far as material it reads: "If this note is not paid at maturity, we * * * do hereby * * * empower any attorney of any Court of Record to appear for us * * * *at any time hereafter and confess* a judgment without process against us * * * in favor of the legal holder thereof * * *." (Emphasis supplied.)

Second, the appellant relies upon the decision of the Supreme Court of Illinois in the case of Parsons v. Lurie, 400 Ill. 498, 81 N.E.2d 182, 185, in which the court, citing Matzenbaugh v. Doyle, 156 Ill. 331, 333, 336, 40 N.E. 935, said: " * * * the warrant of attorney [in a cognovit note] confers no authority to confess judgment on a note after the plaintiff's remedy for the debt thereby evidenced has become barred by limitation. If there was no authority to confess judgment on the note in question then the judgment is void and can be attacked collaterally." The court said, also, in the same opinion: "The judgment of a court of general jurisdiction can be attacked in collateral proceedings *only by the record itself.*" Citing Illinois authorities. (Emphasis supplied.) And "a transcript of the judgment, properly certified, is all that is necessary to make out a prima facie case." Toler v. Coover, 335 Mo. 113, 71 S.W.2d 1067, 1068; Howard v. Strode, 242 Mo. 210, 146 S.W. 792, Ann. Cas. 1913C, 1057.

The record here shows clearly that the action on the note was not barred by the 10-year statute of limitations. Chapter 83, page 2144, § 19, of the Ill.Rev.Stat., 1947, provides that "If, when the cause of action accrues against a person, he is out of the state, the action may be commenced within the times herein limited, after his coming into or return to the state; and if, after the cause of action accrues, he departs from and resides out of the state, the time of his absence is no part of the time limited for the commencement of the action. But the foregoing provisions of this section shall not apply to any case, when, at the time the cause of action accrued or shall accrue, neither the party

against nor in favor of whom the same accrued or shall accrue, were or are residents of this state."

■ Under the decisions of the Illinois courts it is clear that the cause of action accrued in this case when the note was executed and that the 10-year statute of limitations began to run at that time; and it is equally clear that the statute was tolled when appellant moved to Missouri in 1935 while the owner of the note, the creditor remained in Illinois. Mitchell v. Comstock, 305 Ill.App. 360, 27 N.E.2d 620, 625; Jones v. Foster, 175 Ill. 459, 51 N.E. 862; Richey v. Sinclair, 167 Ill. 184, 47 N.E. 364; Hibernian Banking Association v. Commercial National Bank of Chicago, 157 Ill. 524, 41 N.E. 919; Wooley v. Yarnell, 142 Ill. 442, 32 N.E. 891.

The contention that it did not appear on the record in what county of the State of Illinois the note was executed is based upon the requirement of § 174(5) of the Illinois statute, supra, which provides that "Any person for a debt bona fide due may confess judgment by himself or attorney duly authorized * * * provided, that such application to confess judgment * * * shall be made in the county in which the note or obligation was executed * * *. A judgment entered by any court in any county other * * * shall have no force or validity * * *."

■ The note in this instance is dated "Alton, Ill., February 17, 1930." Alton is in Madison County, Illinois, where the court which entered the judgment sat. In Mitchell v. Comstock, supra, the court said [305 Ill.App. 360, 27 N.E.2d 625]: "Defendant also maintains that the court had no power to proceed on the statement of claim because it showed that he was a nonresident and failed to allege that the note was executed in Cook County. The note was dated Chicago, September 2, 1924. In the absence of evidence to the contrary, it will be presumed to have been executed at the place where it is dated", citing Bronte v. Leslie, 30 Ill.App. 288. Here the court was required to take judicial notice that Alton is situated in Madison

County, Illinois. Linck v. City of Litchfield, 141 Ill. 469, 31 N.E. 123.

■ That the note in question and the non-residence of the defendant were shown on the face of the record in the suit in the Illinois court cannot be doubted. The complaint alleged that a photostatic copy of the note was attached to and made part thereof; and it alleged that defendant, maker of the note " * * * is now, and has been continuously for seven years last past a non-resident of the State of Illinois * * *" and "is now and has been continuously for seven years last past a resident of the State of Missouri"; and the affidavit attached to the complaint averred that defendant had continuously resided in Missouri for the past seven years. This was sufficient. Smith-Hurd Stats.Ill. c. 110, § 160.

■ It is next contended that the power of attorney was exhausted when the attorney appeared and confessed judgment on the note on February 24, 1943, and, therefore, the attorney who thereafter appeared and confessed judgment on May 21, 1943, had no power to do so. But the judgment on February 24, 1943, proved to be invalid and was thereafter set aside by the court that entered it. The courts of Illinois hold that a warrant of attorney confers authority to confess a valid judgment, and that when an attempted judgment has been vacated as invalid the warrant has not functioned but retained its original potency. Hoyt v. Morris, 216 Ill.App. 321; Vandersall v. Goldsmith, 231 Ill.App. 165.

■ It is true that the Hoyt and Vandersall cases are not binding upon the federal courts since they were decided by Appellate Courts of Illinois which are inferior tribunals, and a statute of Illinois in effect at the time they were decided provided that the opinions of such courts "shall not be of binding authority in any cause or proceeding, other than that in which they may be filed." Cahill's Rev. Stat. 1929, c. 37, par. 49 (repealed in 1935), Smith-Hurd Stats. c. 37, § 41. See Graham v. White-Phillips Co., 296 U.S. 27, 31, 56 S.Ct. 21, 80 L.Ed. 20, 102 A.L. R. 24. Nevertheless they are persua-

sive; and the cases cited by appellant on this point do not impress us as applicable to the present case. Ordinarily where the applicable rule of decision is the state law, the duty of the federal court is to ascertain and apply that law even though it has not been expounded by the highest court of the state. Fidelity Union Trust Co. et al., Executors, v. Field, 311 U.S. 169, 177, 61 S.Ct. 176, 85 L.Ed. 109. We are of the opinion that the construction of the statute by the Appellate Court of Illinois is the correct construction, and that it should be followed by the federal courts until the Supreme Court or some other Illinois court of general jurisdiction holds otherwise.

■■■■ There is a suggestion in the brief of the defendant that the Illinois court was without jurisdiction to enter the judgment sued upon because the same court in its order vacating the judgment entered on February 24, 1943, concluded with the words "and case continued for trial." The fallacy of this suggestion is that the first judgment was vacated and set aside on the ground alleged in appellant's motion that the court did not have jurisdiction, and the proceeding was abandoned. Under this state of facts the doctrine of lis pendens does not apply. See 14 Am. Jur., Courts, § 250; Mayne v. St. Louis Union Trust Co., 8 Cir., 64 F.2d 843, 845. To impeach a judgment collaterally the judgment must be absolutely void. First State Bank of Valparaiso v. Crumpacker, et al., Ind.Sup., 90 N.E.2d 912, 916; Hart v. Brown, 404 Ill. 498, 89 N.E.2d 370.

To support this contention appellant cites Morrison Hotel & Restaurant Co. v. Kirsner, 1910, 245 Ill. 431, 92 N.E. 285, 286, 137 Am.St.Rep. 335. The question contested in that case was the right to a jury trial upon a cognovit note. After a judgment by confession had been entered for the plaintiff upon an appearance by an attorney by virtue of a power of attorney purporting to be signed by one of three defendants for all of them, it was held that the power of attorney was not sufficient to authorize the attorney to appear for all of the defendants; and upon mo-

tion the judgment was vacated. Plaintiff by leave of court then amended its complaint and defendants filed a set-off and demanded a jury trial. The case was later tried by the court without a jury, judgment was entered for plaintiff, and defendants appealed. The appellate court affirmed and the Supreme Court held that "When the court set aside the judgment the appearance and confession were annulled and for the first time there was a legal and valid appearance by the defendants to the action * * *", that is, after plaintiff had amended its complaint.

■■■ The situation in the present case is very different. Counsel for appellant appeared in the Illinois court for only one purpose, that is, to demand that the judgment assailed be vacated and set aside as void for want of jurisdiction. The record discloses no further appearance in the case and no further pleading by either party after the order sustaining the motion to vacate and set aside the judgment was sustained.

In the case of People ex rel v. Shurtleff, 1933, 355 Ill. 210, 189 N.E. 291, 294, the Supreme Court of Illinois said: "When the want of jurisdiction clearly appeared during the progress of the trial, it was the right and duty of the court, under the pleadings, to have dismissed the bill", quoting with approval Way v. Way, 64 Ill. 406, and then continuing, "Whenever the want of jurisdiction becomes apparent, the proceedings of the court thereafter are absolute nullities, except, perhaps, so far as they may under some circumstances be resorted to as a protection to an officer executing their process." It follows, we think, that the part of the order continuing the case for trial was a nullity, especially since no appearance was thereafter entered by appellant and no pleading was tendered. See 21 C.J.S., Courts, § 118.

It should be observed in connection with the discussion of appellant's contentions considered above that they were presented to the trial court only in the Third and Fourth defenses of her answer; and that both defenses were stricken by the court in the same order by which the counter-

claims were stricken. The appeal to this court was from that part of the order striking the counterclaims only. These contentions were not presented to nor were they passed upon by Judge Harper upon the trial of the case. Appellee contends that having failed to appeal from the order striking these defenses appellant waived them by acquiescence in the order. We regard it as more satisfactory to point out that the contentions, in our opinion, are without merit under Illinois law, rather than to predicate decision upon a procedural defect.

■ Finally, it is contended that there was want of due process in the Illinois court in entering the judgment sued upon without giving notice of the pendency of the suit to appellant. This contention in a broad sense assails as invalid for want of due process all judgments upon cognovit notes entered upon the appearance for defendant by an attorney acting under the warrant of attorney contained in the note. We have discussed the specific contentions upon this point above. It is sufficient to add that the courts of Illinois recognize such warrants as valid and permit judgments to be taken upon them; and the Illinois statute, supra, Hurd's Illinois Statutes, c. 110, § 174(5), authorizes them. Fortune v. Bartolomei, 164 Ill. 51, 45 N.E. 274; Packer v. Roberts, 140 Ill. 9, 29 N.E. 668; Whitton v. Whitton, 64 Ill.App. 53. In the case of First National Bank of Kansas City v. White, 220 Mo. 717, 120 S.W. 36, 132 Am.St.Rep. 612, 16 Ann.Cas. 889, the Supreme Court of Missouri held that such a cognovit provision in a note is against the public policy of the state and refused to enforce it; but in State v. Shain, 347 Mo. 928, 149 S.W.2d 812, 814,

the Supreme Court of Missouri held that since "such a provision is valid and enforceable under the law of Illinois * * * we must * * * give full faith and credit to such a judgment, valid on its face, sued on in this state", citing Crim v. Crim, 162 Mo. 544, 63 S.W. 489, 54 L.R.A. 502, 85 Am.St.Rep. 521; Cook's Estate v. Brown, 346 Mo. 281, 140 S.W.2d 42, 128 A.L.R. 1936; and other authorities.

■ The judgment of the Illinois court is final and conclusive in all courts. It cannot be attacked collaterally in the federal court in Missouri. The Full Faith and Credit Clause of the Constitution, Art. IV, § 1, has established "throughout the federal system the salutary principle of the common law that a litigation once pursued to a judgment shall be as conclusive of the rights of the parties in every other court [federal as well as state] as in that where the judgment was rendered." Magnolia Petroleum Co. v. Hunt, 320 U.S. 430, 64 S.Ct. 208, 214, 88 L.Ed. 149, 150 A.L.R. 413; Davis v. Davis, 305 U.S. 32, 40, 59 S. Ct. 3, 83 L.Ed. 26, 118 A.L.R. 1518, 28 U.S.C. § 687 [now § 1738]; Restatement of the Law of Judgments, § 18(e). The place to have assailed the validity of the Illinois judgment was in the Illinois court. Treinies v. Sunshine Mining Co., 308 U.S. 66, 77, 60 S.Ct. 44, 84 L.Ed. 85; Morris v. Jones, 329 U.S. 545, 67 S.Ct. 451, 91 L. Ed. 488, 168 A.L.R. 656.

■ Due process does not require notice where rights are established in conformity with state law. Erie Railroad Co. v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188, 114 A.L.R. 1487; Griffin v. Griffin, 327 U.S. 220, 66 S.Ct. 556, 90 L. Ed. 635.

Affirmed.