253 F.2d 118
 In the Matter of DECATUR TOOL & ENGINEERING CORPORATION, an
Illinois corporation, Bankrupt.
UNITED STATES of America, Creditor-Appellant,
v.
MT. ZION STATE BANK, an Illinois corporation, Claimant-Appellee.
 No. 12132.
 United States Court of Appeals Seventh Circuit.
 Feb. 25, 1958.
 
 Charles K. Rice, Asst. Atty. Gen., David O. Walter, Atty., Tax Division, U.S. Dept. of Justice, Washington, D.C., John B. Stoddart, Jr., U.S. Atty., Springfield, Ill., Lee A. Jackson, Harry Baum, Arthur I. Gould, Attys., Dept. of Justice, Washington, D.C., Marks Alexander, Asst. U.S. Atty., Springfield, Ill., for appellant.
 D. S. McGaughey, Monroe & McGaughey, Decatur, Ill., for appellee.
 Before SCHNACKENBERG and PARKINSON, Circuit Judges, and WHAM, District judge.
 SCHNACKENBERG, Circuit Judge.
 
 
 1
 The United States appeals from an order of the district court, sitting in bankruptcy, holding valid under Illinois law, a chattel mortgage securing the note of the bankrupt payable to the Mt. Zion State Bank, appellee. The government's sole ground of attack is, in the words of its brief, 'because the acknowledgment of the chattel mortgage by the corporate officers instead of the corporation itself was not in compliance with the applicable Illinois law.'
 
 
 2
 The mortgage (which is a printed form with typed matter in blank spaces) identified the parties thereto as: 'Decatur Tool & Engineering Corporation, By their Officers,' and said bank, and recited that party of the first part did grant, sell, convey and confirm unto party of the second part, certain described chattels. The mortgage set forth: 'Said mortgagor * * * represent * * * that they are the sole and lawful owner * * * of said chattels;' and that 'if said mortgagor * * * or assigns shall pay * * * note * * * payable * * * to the order of said mortgagee for Six Thousand * * * Dollars,' etc. 'signed by C. G. Fundy, President; A. H. Pfotenhauer, Secretary; Dorothy J. Fundy, Treasurer * * * these presents * * * shall cease and be null and void.' The signatures were:
 
 
 3
 'C. G. Fundy, Pres. (Seal)
 
 A. H. Pfotenhauer, Secretary (Seal)
 
 4
 Dorothy J. Fundy Treas.'
 
 
 5
 The challenged certificate of acknowledgment is as follows:
 
 
 6
 'State of Illinois, County of Macon ss.
 
 
 7
 I, Robert M. Rich Notary Public in and for said County, in the State aforesaid, do certify that C. G. Fundy, President; A. H. Pfotenhauer, Secretary; Dorothy J. Fundy, Treasurer personally known to me to be the same persons whose name
 
 
 8
 personally known to me to be the same persons whose name are subscribed to the foregoing instrument, appeared
 
 
 9
 (Notary) before me this day in person
 
 
 10
 (Seal) and acknowledged that they signed, sealed and delivered the said instrument as their free and voluntary act, for the uses and purposes therein set forth including the release and waiver of the right of homestead.
 
 
 11
 Given under my hand and notarial seal, this 13 day of December A.D. 1955
 
 
 12
 To be filed and not recorded.
 
 
 13
 (s) R.M.Rich (s) Robert M. Rich
 
 
 14
 Notary Public'
 
 
 15
 The note referred to in the mortgage is signed by typewritten signature thus: 'Decatur Tool & Engineering Corporation'; followed by these signatures, 'C. G. Fundy President (L.S.), A. H. Pfotenhauer Secretary (L.S.), Dorothy J. Fundy Treasurer.'
 
 
 16
 Illinois substantive law governs the decision of this case.
 
 
 17
 We agree with the government that the Illinois decisions require a strict compliance with the statutory requirements in regard to the execution and acknowledgment of chattel mortgages. National Cash Register Co. v. Clyde W. Riley Adv. System, 329 Ill. 403, 407-408, 160 N.E. 545; Lyons v. People's Bank of Lexington, 317 Ill. 44-46, 147 N.E. 398; Kimball Co. v. Polakow, 268 Ill. 344, 348, 109 N.E. 313.
 
 
 18
 The applicable statutory provisions in effect when the mortgage in question was acknowledged (1, 2, ch. 95, R.S.Ill.1957) are:
 
 
 19
 '1. No mortgage, * * * of personal property * * * shall be valid as against the rights and interests of any third person, unless * * * the instrument is acknowledged * * *.
 
 
 20
 '2. Such instrument shall be acknowledged before any officer authorized by law to take acknowledgment of deeds.
 
 
 21
 'The certificate of acknowledgment shall be in substantially the following form:
 
 
 22
 'State of Illinois, County of ----------
 
 
 23
 ss.
 
 
 24
 'This Chattel mortgage was acknowledged before me, by ------------ this ------ day of ---------- 19 .
 
 
 25
 'Witness my hand and official seal.
 
 
 26
 'Official Character.'
 
 
 27
 It was held in Johnson v. Ottawa Coop. Grain Co., 294 Ill.App. 523, 544, 14 N.E.2d 289, 298, that--
 
 
 28
 '* * * Under the authorities the certificate of acknowledgment may be supported by referring to the instrument to which it relates. 1 R.C.L. 282; 1 Am.Jur. 347. In our opinion when this certificate of acknowledgment is read in connection with the recitals in the body of the instrument and with the attestation clause and the signatures of those who signed the instrument, it must be held that this instrument was duly acknowledged by the mortgagor and the certificate of acknowledgment held to be a sufficient certificate thereof. * * *.'
 
 
 29
 The chattel mortgage now before the court on its face recites that it is between 'decatur Tool & Engineering Corporation, by their Officers' etc. This recital must be considered with the recitals in the certificate of acknowledgment where it is certified that C. G. Fundy, President, A. H. Pfotenhauer, Secretary, and Dorothy J. Fundy, Treasurer, acknowledged that they signed, sealed and delivered the said instrument as their free and voluntary act, for the uses and purposes therein set forth. There is no question but what they were the officers of the corporation and the testimony of Robert M. Rich, cashier of the bank and the notary public who executed the certificate of acknowledgment, shows that he, acting for the bank, made the loan to the named corporation. It further shows that Pfotenhauer asked for the loan to the name of the corporation and not in his own name and that it was Rich's understanding that Pfotenhauer was acting on behalf of the corporation and that at the time of the execution and acknowledgment of the chattel mortgage and the note secured thereby, the officers were acting in behalf of the corporation.
 
 
 30
 The government relies heavily on First Nat. Bank of Chicago v. Baker, 62 Ill.App. 154, where a certificate of acknowledgment of a chattel mortgage was under attack. It was executed to further secure a debt of Corey Car & Manufacturing Company to the bank. A receiver having sold the assets of the Corey Company, the trial court held the bank's mortgage invalid. The certificate of acknowledgment thereon read:
 
 
 31
 'State of Illinois, 'County of Cook, ss. peace in the town of West Chicago, in and for said county, do hereby certify that this mortgage was duly acknowledged before me by the above named James B. Rielly, Sect'y, and Francis W. Corey, Pres't, the mortgagors therein named, and entered by me this 6th day of February, A.D. 1894.
 
 
 32
 'Witness my hand and seal. 'Jarvis Blume, (Seal)
 
 
 33
 'Justice of the Peace' etc.
 
 
 34
 The Illinois court there pointed out that the statutory language at that time was: 'The certificate of acknowledgment may be in the following form: This (name of instrument) was acknowledged before me by (name of grantor), etc. Rev.Stat. of Illinois, Ch. 95, Sec. 2.' The court reasoned as follows:
 
 
 35
 'It is the grantor only who can acknowledge a chattel mortgage, and the certificate must set forth that the grantor did acknowledge. The certificate in the present case is not that the grantor acknowledged but that the mortgage was acknowledged 'by the above named James B. Rielly, Secretary, and Francis W. Corey, President, the mortgagors therein named.'
 
 
 36
 'Neither James Rielly, Sect'y, or Francis W. Corey, Pres't, were 'above named,' nor were they 'the mortgagors therein named.'
 
 
 37
 'The question here presented is, whether this certificate of acknowledgment of a chattel mortgage which does not purport to be an acknowledgment by the grantor, is to be held to be by the grantor.'
 
 
 38
 Conceding for the purpose of this opinion that the Baker case is an authoritative statement of Illinois law,[1] it is no support for the government's position in the case at bar. The statutory language in effect when the Baker case mortgage was executed required the certificate of acknowledgment to state therein the name of the grantor and the failure to comply with that requirement was the express ground of decision in the Baker case.
 
 
 39
 By way of contrast, the pertinent statute in this case does not require that a certificate of acknowledgment of a chattel mortgage shall set forth that the grantor did acknowledge. It requires that the certificate of acknowledgment shall be in substantially the form above quoted, supra, 253 F.2d 119. While there must be strict compliance with the requirement of the statute, that does not prevent the court from ascertaining from the mortgage itself the identity of the mortgagor. Where it further appears from the mortgage that it was entered into by the mortgagor, 'by their officers', whose signatures are a part of the mortgage, and, from the certificate of acknowledgment, that the named officers of that corporation acknowledged that they executed the mortgage for the uses and purposes therein set forth, the statute is complied with. This is especially true where the testimony of the bank's officer, who was also the notary public, confirms the facts recited in the mortgage and the acknowledgment.
 
 
 40
 We hold that the district court was correct in sustaining the chattel mortgage and, therefore, its order is affirmed.
 
 
 41
 Affirmed.
 
 
 
 [1]
 At the time the Illinois Appellate Court decided First Nat. Bank of Chicago v. Baker, 62 Ill.App. 154, 41, ch. 37, R.S. Ill., provided:
 'All opinions or decisions of said court upon the final hearing of any cause, shall be reduced to writing by the court, briefly giving therein the reasons for such opinion or decision, and be filed in the case in which rendered: Provided, That such opinion shall not be of binding authority in any cause or proceeding, other than in that in which they may be filed.'
 In Turner v. Alton Banking & Trust Co., 8 Cir., 181 F.2d 899, 903, it was said:
 'It is true that the Hoyt (Hoyt v. Morris, 216 Ill.App. 321) and Vandersall (Vandersall v. Goldsmith, 231 Ill.App. 165) cases are not binding upon the federal courts since they were decided by Appellate Courts of Illinois which are inferior tribunals, and a statute of Illinois in effect at the time they were decided provided that the opinions of such courts 'shall not be of binding authority in any cause or proceeding, other than that in which they may be filed.' * * * Nevertheless they are persuasive; * * *. Ordinarily where the applicable rule of decision is the state law, the duty of the federal court is to ascertain and apply that law even though it has not been expounded by the highest court of the state. Fidelity Union Trust Co. v. Field, 311 U.S. 169, 177, 61 S.Ct. 176, 85 L.Ed. 109. We are of the opinion that the construction of the statute by the Appellate Court of Illinois is the correct construction, and that it should be followed by the federal courts until the Supreme Court or some other Illinois court of general jurisdiction holds otherwise.'
 The holding of the Illinois Appellate Court in the Baker case was not affirmed by the Illinois Supreme Court, although its judgment was affirmed on other grounds. 161 Ill. 281, 43 N.E. 1074. However, we do in this opinion, consider the reasoning of the Appellate Court decision.